179 So.2d 348 (1965)
Thomas E. WATKINS, Petitioner,
v.
John MORRIS, Warden, Hillsborough County Prison Camp, Respondent.
No. 34655.
Supreme Court of Florida.
October 27, 1965.
Thomas E. Watkins, in pro. per.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for respondent.
THORNAL, Chief Justice.
By petition for a writ of habeas corpus Watkins seeks release from the Hillsborough County Prison.
By an affidavit complaint filed in the Hillsborough County Traffic Court, Watkins was charged in three counts with the offenses of:
(1) Driving while intoxicated, condemned by Section 317.201, Florida Statutes, F.S.A.
(2) Reckless driving, condemned by Section 317.211, Florida Statutes, F.S.A.
(3) Leaving the scene of an accident resulting in injury, condemned by Section 317.071, Florida Statutes, F.S.A.
The Traffic Court was created by Chapter 27104, Laws of Florida, 1951, as amended by Chapter 61-1034, Laws of Florida, 1961. Its jurisdiction is limited to traffic violations which constitute misdemeanors. The offense proscribed by Section 317.071, supra, is a felony. The other two offenses are misdemeanors.
*349 Under Count (1) above the defendant was sentenced to a fine of $500.00 or 6 months in jail. Sentence was deferred on Count (2). On Count (3) he was sentenced to a fine of $500.00 or 6 months in jail. He evidently did not pay the fines because he is in jail and wants out.
Ordinarily we would deny the petition because the defendant Watkins failed to appeal. Habeas corpus will not be employed as a substitute for appeal. Here, however, after the appeal period had expired, Section 11, Chapter 27104, supra, the defendant attacks his conviction and incarceration on jurisdictional grounds.
If petitioner's present confinement depended upon the validity of the felony conviction, he would be entitled to release because that conviction clearly could not stand. The Traffic Court simply had no jurisdiction to try the man for the felony punished by Section 317.071(2), Florida Statutes, F.S.A.
However, it did have jurisdiction to try him for the misdemeanors. The judge did not specifically prescribe that the sentences would run consecutively. Hence, we hold that they run concurrently. There is no statute such as Section 921.16, Florida Statutes, F.S.A., to govern sentences for offenses charged in an affidavit-complaint, as distinguished from an information or indictment. Under Section 921.16, supra, when two or more offenses are charged in the same information or indictment, terms of imprisonment run concurrently unless expressly directed to run consecutively.
By analogy we treat the complaint here the same as if it were an information. By statutory analogy we apply the rule of Section 921.16, supra, to the instant complaint and sentences. Hence, even though one concurrent sentence is void, the other is valid and the petitioner is not entitled to release.
Petitioner also claims lack of assistance of counsel at his trial. We do not overlook Harvey v. State of Mississippi, 5 Cir., 340 F.2d 263. However, until authoritatively determined to the contrary by the Supreme Court of the United States, the rule in Florida is that there is no absolute, organic right to counsel in misdemeanor trials. Fish v. State, Fla., 159 So.2d 866. Moreover, the petitioner does not claim indigency or inability to have supplied his own counsel.
The petitioner not being entitled to release, the writ is discharged and he is remanded to custody.
It is so ordered.
THOMAS, ROBERTS, DREW and O'CONNELL, JJ., concur.