Sandsbury LEE, Appellant,

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Appellee.**

No. 22535.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1966.

Rehearing Denied March 10, 1966.

James G. Mahorner, Asst. Atty. Gen., Earl Faircloth, Atty. Gen., Tallahassee, Fla., for appellee.

Before JONES and BROWN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

This appeal is from a judgment denying appellant's petition for writ of habeas corpus attacking his Florida state court conviction. The present action followed a series of post-conviction proceedings in the Florida courts.

■ The felony conviction under attack was had in 1957. While the State of Florida could have sought enhancement of his punishment as a several time felony offender under its multiple offender statute (F.S.A. #775.09), it followed the more lenient course of proceeding against him in the sentence hearing only as a second offender, and he was sentenced as such. His conviction was upheld on direct appeal. Lee v. State, Fla.App., 112 So.2d 918. The Florida state courts have rejected several post-conviction attacks challenging the validity of his conviction on the ground that he could not be sentenced as a second offender when in fact he had had several prior felony convictions instead of one. We agree with the trial court's holding in the present proceeding that there is no merit in this contention. 25 Am.Jur., Habitual Criminals, Sec. 19; Joyner v. State, 158 Fla. 806, 30 So.2d 304; Perry v. Mayo, Fla., 72 So.2d 382.

■ Appellant insists that his conviction is void and subject to collateral attack because of the temporary absence of the court reporter during his trial. We are of the opinion that the court below correctly rejected this contention on the same grounds that it had been rejected in a post-conviction proceeding in the Florida courts. Lee v. State, Fla. App., 165 So.2d 443; Bowen v. United States, 5 Cir., 260 F.2d 266 (1958).

■ Finally, the appellant urges that the prior conviction used to enhance his sentence was void because he was indigent, no lawyer was appointed for him, and he did not waive his right to one. That point was not raised in the trial

court, and therefore cannot be considered here. The affirmance of the judgment in this case will be without prejudice to the right of appellant to raise that question in the proper court and in the proper manner, bearing in mind that it must be shown to have been presented to the Florida courts before it will be · entertained by the federal courts.

Affirmed.