PER CURIAM.
Appellant has appealed an order denying his motion for relief against judgment and sentence filed by him pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
Appellant was indicted, tried and convicted for the crime of rape. During this proceeding he was represented by counsel chosen and employed by himself. His appeal from the judgment of conviction and sentence imposed upon him was affirmed by the Supreme Court by opinion rendered October 24, 1962.[1]
Thereafter, appellant filed in the federal courts of this state various proceedings seeking his release from incarceration in the state prison, all of which were denied. His later petition filed in the Supreme Court of Florida for a writ of error coram nobis was likewise denied.[2]
After all of the foregoing proceedings for relief against the judgment and sentence now being served by him, appellant filed in the trial court his further motion for relief pursuant to Criminal Procedure Rule 1. The State Attorney filed a detailed answer to the petition denying each and every of the material allegations therein on which appellant based his right to relief. A trial was held before the court on the issues made by the pleadings of the parties, and extensive testimony was taken thereon. At the conclusion of the trial the order appealed was rendered in which it was found that appellant had failed to establish the allegations of his petition, and the relief prayed for therein was accordingly denied.
Appellant has raised six points for our consideration on this appeal. Five of the points so raised by him relate solely to alleged irregularities occurring during his trial on the indictment for rape. Each of such alleged irregularities, if well-founded, constituted errors reviewable by the appeal which appellant took to the Supreme Court following his judgment of conviction and sentence, and are not proper grounds for collateral attack on the judgment which he seeks to vacate. In affirming the trial court’s judgment the Supreme Court, in its opinion, said:
“We close this matter by saying that the case was fairly tried, the verdict was justified and the ends of justice do not require a new trial.”
The remaining point on appeal relates to alleged inadequacy of counsel whom appellant employed and paid to represent him at his trial.
*305 Whether the points urged by appellant in support of his motion for relief are matters which were foreclosed by the appeal which he took to the Supreme Court from his judgment of conviction and sentence is a matter on which we do not find it necessary to pass at this time. This is so for the reason that the trial court carefully considered each and every of the grounds urged by appellant, and on the evidence adduced at the trial, found them to be without merit and unsubstantiated by the proof adduced by the parties.
On the record before us we find that appellant has failed to demonstrate error, so the order appealed is accordingly affirmed.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.

. Brooks v. State (Fla.1962), 146 So.2d 895.

. Brooks v. State (Fla.1963), 155 So.2d 613.