**Adolphus BROOKS, Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Appellee.**

**No. 25771.**

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

Adolphus Brooks, pro se.

Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM:

Adolphus Brooks appeals from the United States District Court's denial of his petition for habeas corpus. We affirm.

The appellant was convicted of rape in the Circuit Court of Duval County, Florida, and sentenced to death on August 29, 1961. The sentence was commuted in 1966 to life imprisonment.

An order denying a prior petition for habeas corpus was appealed to this court which affirmed the lower court, but remanded with directions that the district judge order a stay of execution for 60 days so that application could be made to the Florida courts for post-conviction relief. Brooks v. Wainwright, 5 Cir. 1965, 345 F.2d 641.

Thereafter the appellant, through court-appointed counsel, filed a motion to vacate the judgment of conviction as authorized by Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., formerly known as "Rule One."

The trial court held a plenary hearing on the merits of the motion to vacate, and stated detailed reasons for denying relief. Upon appeal, the judgment was affirmed. Brooks v. State, Fla.App. 1967, 194 So.2d 303.

The appellant subsequently filed a second petition for habeas corpus in the United States District Court, alleging numerous grounds for relief. The respondent filed the record of the State court Rule One proceedings, including the transcript of testimony and the court's reasons for judgment.

The District Court denied the writ on the basis of the State record, as is authorized by the provisions of 28 U.S.C. § 2254, stating detailed written reasons.

After careful examination of the entire record, we have concluded that the District Court properly decided the case upon the basis of the State court record. We find no error, wherefore the judgment must be and is hereby affirmed.

Affirmed.