**William Napoleon BOYER, Petitioner,**

v.

**CITY OF ORLANDO, Respondent.**

**No. 26816.**

United States Court of Appeals
Fifth Circuit.

Oct. 18, 1968.

Jerome J. Bornstein, Orlando, Fla., for petitioner.

Joseph X. DuMond, Jr., Asst. City Atty., Orlando, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE,* Circuit Judges.

JOHN R. BROWN, Chief Judge:

▊ 'This case comes to us on a motion for expedited appeal of the denial by the District Court of a writ of habeas

---

* Of the First Circuit, sitting by designation.

corpus. We find that there is such doubt that Boyer has exhausted his available State remedies and therefore deny the petition for expedited appeal, vacate the judgment of the District Court, remand the case with directions to release Boyer on bail pending initial determination of the issues by Florida courts.

Boyer was arrested in Orlando, Florida, on charges of disorderly conduct and interfering with and resisting a police officer. Under the city ordinance each offense carries a possible fine of $500 and 60 days in prison. Boyer entered a plea of not guilty but the Municipal Court of Orlando found him guilty and assessed a total fine of $240 or 120 days in prison. Since he is unable to pay the fine, Boyer has remained incarcerated since September 24, 1968, the date of his conviction.

Boyer was neither represented by counsel in Municipal Court, nor did he waive appointment of counsel. By affidavit he claims financial inability to hire an attorney.

Boyer filed a writ of habeas corpus in Federal District Court claiming denial of constitutional rights in not being furnished counsel. Invoking directly the aid of the Federal Court he asserted that he had no State remedy to exhaust. Judge Young upheld this view, not because no remedy was procedurally available. Rather it was that since in Watkins v. Morris, Fla., 1965, 179 So.2d 348 and Fish v. State, Fla., 1964, 159 So.2d 866, Florida has expressly rejected the right of an indigent defendant to court-appointed counsel in misdemeanor cases, Boyer could get no relief from Florida Courts and hence had no *effective* State remedy. The Judge then denied the writ on the merits.

Too much has gone over the dam in this flood stage dynamic development of overriding constitutional restrictions on state prosecution of criminal charges for us to assume that the Florida Supreme Court will perversely adhere to their decisions, recent as they are. Considering the deference and respect the Florida Supreme Court pays to our decisions in areas of federal, and especially federal constitutional law, we cannot assume that Florida Courts would ignore the impact of our recent decisions in Goslin v. Thomas, 5 Cir., 1968, 400 F.2d 594, McDonald v. Moore, 5 Cir., 1965, 353 F.2d 106; and Harvey v. State of Mississippi, 5 Cir., 1965, 340 F.2d 263, and the strong support which comes from the Supreme Court decision in Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. All of these decisions extending substantial constitutional rights to misdemeanor cases postdate the Florida decisions upon which the District Court based its conclusion that Boyer's State remedies were ineffectual. With the Florida Supreme Court sensitive to constitutional claims in the past, we cannot conclude what their judgment would be today on an issue of fundamental justice in such a rapidly developing area.

The question, therefore, is for the initial determination of the Florida Courts. Many factors point in that direction. The first, of course, is that no matter how much we study it or acquire an extraordinary prescience from our Federal commissions, neither this panel nor one to which it might be referred on the present motion for expedited hearing, can determine to a certainty just what the conclusion of the Florida Courts would be on the procedural and substantive issues now presented. Ours would, at most, be a prediction. Only the Florida Courts can state with certainty. Next, a decision by the Florida Courts will determine some or all issues in a way which might eliminate altogether the necessity for, or sharply reduce the scope of, the Federal habeas proceeding.[1] Most important, this effectuates the strong policy we have taken

---

1. A good example of the tremendous assistance this Florida procedure can render to the Federal Courts is found in Brooks v. Wainwright, 5 Cir., 1968, 402 F.2d 105.

so often and recently for Florida,[2] Texas,[3] Georgia,[4] Louisiana[5] and Mississippi[6] to exploit fully the contemporary post-conviction procedures of the kind so effectively provided by Fla.R.Crim.P. 1.850 (formerly Rule 1), 33 F.S.A.

This puts responsibility for fact finding and determination directly and initially on the states, where it belongs, while assuring all of the time, ultimate access, if necessary, to the Federal Court for its independent federal constitutional determination. And it is good administration to conserve judicial energies in this day of exploding dockets.[7]

■ But this case and our present handling of it demonstrates that this vital exercise of federalism is neither an abdication by the Federal Courts nor a conclusion that the Federal Courts are unneeded. For to make Boyer's appeal to the Florida Courts truly effective we have to take extraordinary action. Were we merely to grant the motion for an expedited appeal, Boyer's sentence would long have been served before the case could be docketed for determination by a panel of this Court. The same would result from the presently mandated requirement that Boyer go back to the State Court to pursue all post-conviction remedies, which would mean that no practical relief could be afforded notwithstanding the Court's recognition of his constitutional claim.

Therefore, in order to render Boyer's State remedies truly effective, we order

that he be immediately released on bail in an amount, form, and surety to be set by Judge Young. The release on bail shall continue until he has fully exhausted his State, and if necessary, his Federal remedies. This is the procedure we adopted in Dawkins v. Crevasse, 5 Cir., 1968, 391 F.2d 921.

The Florida Courts may well grant Boyer relief, but if they do not, he is then free to "return to the Federal Court for its inescapably independent judgment on federal issues."[8]

2. Wainwright v. Simpson, 5 Cir., 1966, 360 F.2d 307; Milton v. Wainwright, 5 Cir., 1968, 396 F.2d 214.

3. Texas v. Payton, 5 Cir., 1968, 390 F.2d 261.

4. McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161, 167.

5. Brent v. White, 5 Cir., 1968, 398 F.2d 503.

6. Irving v. Breazeale, 5 Cir., 1968, 400 F. 2d 231. See also Waters v. Beto, 5 Cir., 1968, 392 F.2d 74; Beto v. Conley, 5 Cir., 1968, 393 F.2d 497; Taylor v. Beto, 5 Cir., 1968, 392 F.2d 566; Woodbury v. Beto, 5 Cir., 1968, 395 F.2d 189; Bruce v. Beto, 5 Cir., 1968, 396 F.2d 212;

Peters v. Rutledge, 5 Cir., 1968, 397 F.2d 731; Moore v. Dutton, 5 Cir., 1968, 396 F.2d 782; Stepp v. Beto, 5 Cir., 1968, 398 F.2d 814; Harris v. Beto, 5 Cir., 1968, 399 F.2d 679; Welch v. Beto, 5 Cir., 1968, 400 F.2d 582; Lydy v. Beto, 5 Cir., 1968, 399 F.2d 59; Powers v. Hauck, 5 Cir., 1968, 399 F.2d 322; Phelper v. Decker, 5 Cir., 1968, 401 F.2d 232; Williams v. Dutton, 5 Cir., 1968, 400 F.2d 797; Ballard v. Dutton, 5 Cir., 1968, 399 F.2d 707.

7. Peters v. Rutledge, 5 Cir., 1968, 397 F. 2d 731, 738 n. 22; Allen v. Johnson, 5 Cir., 1968, 391 F.2d 527, 529 n. 6.

8. Peters v. Rutledge, supra, 397 F.2d at 741.