Gary Edward **HOLSTEIN**, Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent.

Civ. A. No. 1486.

United States District Court
N. D. Florida,
Tallahassee Division.

July 29, 1969.

Mrs. R. E. Shaeffer, Silver Spring, Md., for petitioner.

Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent.

## ORDER DENYING WRIT OF HABEAS CORPUS

CARSWELL, Circuit Judge.*

This cause comes before the Court on application of a prisoner in state custody for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and upon response filed by the Attorney General of the State of Florida.

In 1962, at the age of 15, petitioner was confined in the Florida School for Boys at Marianna, Florida. On September 3 of that year he escaped, but on the same day "gave himself up," and was charged with larceny of an automobile. He plead guilty and on November 5, 1962, was given an indefinite sentence of six months to five years. It is this sentence which petitioner now attacks.

On July 6, 1965 petitioner was released from prison on parole. He was arrested in Miami, Florida on April 18, 1966 and charged with possession of burglary tools and attempted breaking and entering. Petitioner was subsequently convicted and sentenced to a term of eight years. Petitioner is presently serving this sentence with a tentative expiration date of May 13, 1971. Upon completion of this sentence he will begin to serve the reinstated auto theft sentence which he presently attacks.

Petitioner alleges that he (1) was denied the right to counsel at the early stages of the prosecution; (2) was denied "effective" representation by his court appointed counsel; (3) was denied the right of counsel at his juvenile waiver hearing; (4) was denied effective representation due to his counsel's "conflict of interest;" (5) was induced to plead guilty by the judge and his court appointed counsel; (6) was incapacitated because of his age, and therefore his guilty plea was void; (7) was not taken before a "magistrate" "without unnecessary delay;" (8) was prejudiced because of the failure to notify his parents of the waiver hearing and arraignment; (9) was denied due process of law by the totality of the above circumstances.

The respondent concedes that the records and files of the state courts fail to affirmatively refute the above allegations and that an evidentiary hearing would be required to resolve disputed issues of fact. Respondent urges, however, that the petitioner has failed to exhaust his state court remedies and because of this the petition should be dismissed. This Court agrees with the respondent that there is presently available a state remedy which the petitioner has not utilized.

The petition filed herein affirmatively shows that no petition for habeas corpus has been filed in the Florida Supreme Court. Florida Rule of Criminal Procedure 1.850, 33 F.S.A., which petitioner has unsuccessfully utilized, specifically authorizes the filing of a habeas corpus petition after the applicant has utilized Rule 1.850 or where Rule 1.850 is inadequate or ineffective. This was the construction afforded the predecessor of Rule 1.850. Roberts v. State, 178 So.2d 701 (Fla.1965).

* Sitting by designation as U. S. District Judge for the Northern District of Florida.

In the present case petitioner filed a Motion to Vacate under Rule 1.850 which was denied without a hearing. Petitioner obtained volunteer counsel and appealed. The appeal was dismissed on the ground that under Rule 1.850 petitioner could not attack a sentence he was not then serving. The Court of Appeal relied heavily on McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Holstein v. State, 205 So.2d 6 (1st Dist.Ct.App.Fla.1967). Petitioner then appealed to the Supreme Court of Florida who denied the appeal on procedural grounds. The United States Supreme Court's decision in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968) which overruled McNally v. Hill, supra, was handed down and petitioner applied for rehearing before the Florida Supreme Court. Rehearing was denied pursuant to Rule 3.-14(f), Florida Appellate Rules, 32 F.S. A., which requires that petitions for rehearing be filed within 15 days. Instead of applying for a writ of habeas corpus before the Supreme Court of Florida, petitioner applied for a writ of certiorari to the Supreme Court of the United States, and was denied.

■ Petitioner argues that his application for rehearing, subsequent to the decision in Peyton v. Rowe, supra, relieves him of any further effort to have the Supreme Court of Florida review the merits of his case. The petition for rehearing was not timely filed pursuant to Rule 3.14(f) and cannot be used as an excuse for avoiding proper state procedure.

■ Petitioner argues that the case of Johnson v. State, Fla., 184 So.2d 161, rehearing, 185 So.2d 466 (Fla.1966), renders any attempt at habeas corpus in the State of Florida "futile" within the meaning of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962) and Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964).

The Florida District Court of Appeal's granting of the State's motion to quash on the basis of McNally v. Hill, supra, was prior to the Supreme Court of the United States decision in Peyton v. Rowe, supra, as was the decision in Johnson v. State, supra, which also has its ground in McNally v. Hill. With the advent of Peyton v. Rowe, petitioner has an adequate basis for seeking a writ of habeas corpus in the Supreme Court of Florida.

The present case is, from a procedural standpoint, directly analogous to the recent decisions of the United States Court of Appeals for the Fifth Circuit in Boyer v. City of Orlando, 402 F.2d 966 (1968) and Waddell v. Wainwright, 410 F.2d 736 (April 3, 1969).

In *Boyer*, supra, the Court of Appeals for the Fifth Circuit rejected a petitioner's argument that he had no available state remedy and reversed the District Court. The District Court in *Boyer* ruled that because of outstanding Florida decisions rejecting the right of an indigent defendant to court appointed counsel in misdemeanor cases, Boyer could get no relief from Florida courts and had no *effective* remedy in the State tribunals.

The Fifth Circuit, through Chief Judge Brown, noted that many decisions of Federal courts post dated the Florida decisions upon which the District Court based its conclusion that Boyer's State remedies were ineffectual. The Fifth Circuit then noted "the deference and respect the Florida Supreme Court pays to our decisions in areas of federal, and especially federal constitutional law * * *." 402 F.2d at 967. As in *Boyer*, this Court cannot predict what the judgment of the Florida Supreme Court will be in light of Peyton v. Rowe, supra.

This Court is not aware of any decision wherein the Florida Supreme Court has taken a position one way or another in regard to whether the ruling announced in Peyton v. Rowe will be adopted by the Florida Supreme Court insofar as interpretation of Rule 1.850

and Florida Habeas Corpus is concerned. The decision in Holstein v. State, supra, clearly reveals that Florida is guided by the federal interpretation of 28 U.S.C. §§ 2254 and 2255. When Florida adopted Criminal Procedure Rule No. 1 (predecessor to Rule 1.850), the Florida Supreme Court held that in interpreting the rule the appellate courts should look to federal decisions construing 28 U.S.C. §§ 2254 and 2255. Roy v. Wainwright, 151 So.2d 825 (Fla.1963).

■ There is an additional reason why petitioner should once again place his case before the state courts. A comparison between the Rule 1.850 motion filed in the Circuit Court in and for Jackson County, Florida and the present petition affirmatively reveals that several grounds raised in the latter have never been presented to Florida Courts. On these issues consideration by this Court would be precluded under the holdings which require a petitioner to exhaust his state remedies as to *every point*. Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249 (1900); Whippler v. Balcom, 342 F.2d 388 (5th Cir. 1965); Lee v. Wainwright, 356 F.2d 507 (5th Cir. 1966), cert. den. 384 U.S. 966 (1966). It is readily apparent that upon state court reconsideration of the procedural and substantive issues raised by petitioner, some or all of the issues might well be determined "* * * in a way which might eliminate altogether the necessity for, or sharply reduce the scope of, the Federal habeas proceeding * * *." Boyer v. City of Orlando, supra, 402 F.2d at 967.

■ While the Supreme Court of Florida has yet to rule upon the extent to which Peyton v. Rowe is applicable to Florida habeas corpus and Rule 1.850, Florida Rules of Criminal Procedure, the Court of Appeal for the Second District of Florida in Reynolds v. State, 224 So.2d 769 (Dist.Ct.App.2nd July 2, 1969),[1] has chosen to follow Peyton v. Rowe instead of McNally v. Hill and Holstein v. State, supra. This alone is adequate basis for this Court's refusal to assert jurisdiction until petitioner has exhausted, fully, his state remedies.

Any delay in requiring petitioner to proceed in the state courts will in no way affect any of his constitutional rights, inasmuch as petitioner herein is presently serving an otherwise valid judgment and sentence. In this respect, this Court is not faced with the problem presented in Fay v. Noia, supra, upon which petitioner bases his argument. Nor is this Court's decision in any way contrary to the Fourth Circuit's decision in Evans v. Cunningham, supra, also relied on by petitioner. In *Evans* the Court specifically noted

"Since 1962 there has been no substantial change in the composition of Virginia's Supreme Court of Appeals, and *there is no suggestion of any possible reason to suppose that the Court might reconsider its considered judgment in the recent Sims case.* 335 F. 2d at 493. (Emphasis added.)

■ As was the Court in *Boyer*, this Court is well aware that the Florida Courts may well refuse to grant petitioner either the procedural or substantive relief he seeks. If this be the case then he is

"free to 'return to the Federal Court for its inescapably independent judgment on federal issues.'" Boyer v. City of Orlando, supra, 402 F.2d at 968.

It is, therefore, upon consideration, hereby

Ordered:

Petition for writ of habeas corpus is denied.

---

[1] This is an excellent opinion by Judge Robert T. Mann in which he explores the problems and responsibilities encountered in regard to the states' "prior right" to decide such issues as this right is defined in Boyer v. City of Orlando, supra.