**Anthony PAGNOTTA, Petitioner-Appellant,**

v.

**Louis HEYD, Jr., Sheriff, Parish of Orleans, Respondent-Appellee.**

No. 26776.

United States Court of Appeals
Fifth Circuit.

Aug. 27, 1969.

Anthony Pagnotta, pro se.

Louise Korns, Asst. Dist. Atty., Jim Garrison, Dist. Atty. for the Parish of Orleans, New Orleans, La., for appellee.

Before COLEMAN, SIMPSON and CARSWELL, Circuit Judges.

PER CURIAM:

 Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

This is an appeal from denial of habeas corpus relief to a prisoner of the State of Louisiana.

The appellant was convicted of aggravated burglary upon jury trial in the Criminal District Court for the Parish of Orleans. He was sentenced on November 14, 1966, to serve twenty years. While his direct appeal was pending in the Louisiana Supreme Court, appellant filed his habeas petition in the United States District Court, wherein he alleged several trial errors and complained of being confined without bail during the pendency of his direct appeal.

The district court properly denied relief on August 19, 1968, on grounds that the appellant had failed to exhaust his available state remedies and that the delay in processing his direct appeal did not justify federal relief at that time. See Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968). The district court granted a certificate of probable cause to appeal, 28 U.S.C. § 2253.

While the appeal was pending in this Court, the Supreme Court of Louisiana affirmed the conviction and sentence upon direct appeal. State v. Pagnotta, 253 La. 770, 220 So.2d 69 (1969).

While it does appear that he has *now* exhausted his state remedies; it is also clear that the district court has never had its initial opportunity and right to rule upon the merits of the petition itself. This Court simply does not have before it issues for appellate review.

This cause is therefore remanded to the district court for its adjudication on the merits of the petition.