Eddie **MITCHELL**, No. A–010588,
Petitioner,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida,
Respondent.

No. 69–421 Civ. T.

United States District Court
M. D. Florida,
Tampa Division.

Dec. 19, 1969.

Eddie Mitchell, per se.

Morton James Hanlon, Asst. Atty. Gen., Lakeland, Fla., for respondent.

## ORDER

KRENTZMAN, District Judge.

This cause came on for consideration upon a petition for writ of habeas corpus filed by Eddie Mitchell, pro se, in forma pauperis. No facts are in dispute and an evidentiary hearing is unnecessary.

### I

Petitioner was convicted of a felony on June 4, 1946, in the Circuit Court for Suwannee County, Florida, and sentenced to life imprisonment. Petitioner was also convicted of escape by the Gadsden County Circuit Court on January 30, 1964, and sentenced to one year in prison, with the sentence to commence upon expiration of the prior sentence.

On July 12, 1966, petitioner was released from prison pursuant to Certificate of Parole No. 18102 which placed fifteen conditions on his freedom. Condition No. 8 reads:

> "I will live and remain at liberty without violating the law."

On December 14, 1966, petitioner was convicted in the Palmetto, Florida Municipal Court of violating Ordinance No. 560 (petty larceny) and Ordinance No. 114, Sec. 177 (assault and battery). Petitioner's parole was revoked as a result of these municipal convictions on Febru-

ary 10, 1967. The Revocation of Parole states:

> "Whereas Eddie Mitchell * * * has violated the terms and conditions of his parole [b]y violating Condition 8 of his Certificate of Parole by failing to live and remain at liberty without violating the law; in that on December 14, 1966, in the Municipal Court for Palmetto, Manatee County, Florida, he was convicted for Petit Larceny and Assault and Battery and sentenced to pay a fine of $50.00 or serve twenty-five (25) days on each offense. * * * therefore, the Probation and Parole Commission, by virtue of the authority in it vested by law, does hereby revoke said parole * * *."

## II

■ Construing the application of petitioner—who is unable to read or write—in liberal fashion, Rule 8(f), F.R.Civ. P.; see cases compiled in Sokol, A Handbook of Federal Habeas Corpus (2d ed. 1969) 99 et seq. it is alleged that petitioner was deprived of the assistance of counsel at his Municipal Court trial solely because of his indigency. Petitioner argues that his present detention by respondent is illegal because it is based upon a parole revocation in turn based upon a municipal conviction obtained in violation of his constitutional rights. Petitioner makes a second claim for relief—that his plea of guilty in Municipal Court was involuntary because he did not know it would result in parole revocation—but the Court finds it necessary to consider only the first contention.

## III

When asked by the Court, respondent submitted the following information as to the maximum possible punishment petitioner could have received in the Municipal Court:

> "The two offenses are misdemeanors under state law and are punishable by imprisonment in the county jail not exceeding 6 months or by fine not exceeding $300.00 in the case of petit

larceny and by imprisonment not exceeding 6 months or by fine not exceeding $500.00 in the case of assault and battery. Those would be the maximum sentences assessable in the Municipal Court of Palmetto, Florida, for the offenses for which petitioner was charged."

■ It has been well settled in this Circuit for almost five years that in cases such as the one presently before the Court, the right to counsel is as absolute as if the charge were a felony and the rule of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), applies. Harvey v. Mississippi, 340 F.2d 263 (5 Cir. 1965) (misdemeanor punishable by up to $500 fine and up to 90 days in jail); McDonald v. Moore, 353 F.2d 106 (5 Cir. 1965) (sentence of 6 months and $250 fine on each of two misdemeanors); Goslin v. Thomas, 400 F.2d 594 (5 Cir. 1968) (charge of escape punishable by one year in prison); Colon v. Hendry, 408 F.2d 864 (5 Cir. 1969) (sentence totaled 15 months or $850 for three misdemeanors); James v. Headley, 410 F.2d 325 (5 Cir. 1969) (defendants charged with a number of petty offenses each punishable by 60 days, but subjecting defendants to total sentence of 600 and 240 days respectively); Bohr v. Purdy, 412 F.2d 321 (5 Cir. 1969) (two offenses punishable together by 90 days and $750).

Despite this mandate of the Fifth Circuit, there has been "an impasse between [that] court and the Supreme Court of Florida over the right to counsel." Colon v. Hendry, *supra*, 408 F.2d at 865. The Florida courts have consistently refused to recognize a nonfelony right to counsel. Watkins v. Morris, 179 So.2d 348 (Fla.1965); State ex rel. Taylor v. Warden of Orange County Prison Farm, 193 So.2d 606 (Fla.1967); Brinson v. Purdy, 201 So.2d 260 (3d D. C.A.Fla.1967).

■ The federal district courts in this state have adhered to the rulings of the Fifth Circuit. See, e. g., Rutledge v. City of Miami, 267 F.Supp. 885 (S.D.

Fla.1967) (sentence of 60 days and a $500 fine or additional 60 days); Brinson v. State of Florida, 273 F.Supp. 840 (S.D.Fla.1967) (offense punishable by one year). Over two years ago the Jacksonville Division of the Middle District vacated eight misdemeanor convictions because the Volusia County Justice of the Peace Court did not offer the indigent misdemeanants court-appointed counsel. Cloer v. Thursby, No. 67–618 (filed November 29, 1967). And see Steadman v. Duff, 302 F.Supp. 313 (M. D.Fla.1969).

■ Only recently the Jacksonville Division has vacated revocations of parole based upon misdemeanor convictions obtained without the indigent misdemeanant having been offered the assistance of counsel by the court. See, e. g., Brown v. Wainwright, No. 69–189 Civ. J. (Order of Release filed August 6, 1969).

It follows that the municipal convictions were void; it remains only to be considered whether petitioner has exhausted state remedies.

### IV

■ Under 28 U.S.C. § 2254 state remedies must be exhausted prior to federal habeas corpus relief, unless those remedies are ineffective. Florida courts have been adamant that they will not change their mind unless made to by the United States Supreme Court. Watkins v. Morris, *supra*, 179 So.2d at 349. The Fifth Circuit recently in Boyer v. City of Orlando, 402 F.2d 966 (5 Cir. 1968) gave Florida courts another opportunity to reassess their conception of the right to counsel. However, the Court finds *Boyer* inapposite for the following reasons.

■ First, at the time *Boyer* was handed down (October, 1968), the Florida Courts had waited almost four years to comply with Harvey. Fourteen months have now elapsed since *Boyer*, and the Florida courts have still not acted. Since nothing has been done in the almost five years since *Harvey* and the fourteen months since *Boyer*, the Flori-

da courts in effect have held against petitioner's constitutional claim. Cf. McDonald v. Moore, *supra*, 353 F.2d at 107. Accordingly, petitioner need not pursue state relief. 28 U.S.C. § 2254(b).

Second, the Court notes that subsequent decisions of the Fifth Circuit since *Boyer* have ordered habeas corpus for indigent misdemeanants with no mention of *Boyer* or of the necessity of seeking relief in the Florida courts. See Colon v. Hendry, *supra*; James v. Headley, *supra*; Bohr v. Purdy, *supra*. The Jacksonville Division has done likewise. Brown v. Wainwright, *supra*.

Petitioner has complied with 28 U.S.C. § 2254.

### V

All that is left is to evaluate the facts behind petitioner's Municipal Court conviction. Petitioner alleges that he was convicted in the Palmetto Municipal Court upon a plea of guilty without the assistance of counsel. Respondent was asked to supply the Court with information as to the procedures of the Municipal Court in regard to this allegation. He replied:

"By telephone conversation with the Honorable David Rhodes, Municipal Judge for the municipality of Palmetto, Florida, your respondent was advised that the procedures followed in the Palmetto Municipal Court are not transcribed and no court reporter is present unless private counsel furnishes one at his own expense. Free legal counsel is not furnished or provided and if a person charged with a municipal violation desires counsel, he must obtain it at his own expense. If a person does retain private counsel who appears with the accused *on the date of the trial*, no record will reflect that fact. * * * As to counsel, the advice is substantially in this form, " * * * you are entitled to a lawyer if you want one but if you do it will be at your expense."

Respondent also informed the Court that he would not, at any evidentiary

hearing on this matter, "present any affirmative evidence which would show that the petitioner did in fact have counsel." This was because of "a lack of knowledge on your respondent's part and the impossibility of refuting the petitioner's claim."

The Court is therefore faced with a situation in which petitioner alleges deprivation of counsel because of indigency and in which respondent acknowledges a silent record—indeed, a nonexistent one—and an inability to refute the allegation.

■ The law is clear as to such a situation. A defendant who pleads guilty is entitled to the benefit of counsel; there is a presumption against waiver of constitutional rights; and waiver of counsel will not be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962). Although petitioner does not allege that he requested counsel, he was not required to do so, since counsel must be offered. *Id.*

■ The Court finds that the convictions in Municipal Court were obtained in violation of petitioner's right to counsel and cannot stand; nor can petitioner be penalized as a consequence of such void convictions. It is, therefore,

Ordered and Adjudged that:

1. The petition for writ of habeas corpus is granted.

2. The judgments of conviction entered by the Municipal Court of Palmetto, Manatee County, Florida, on December 14, 1966, together with the sentences imposed thereunder, are hereby vacated.

3. The revocation of petitioner's parole dated February 10, 1967 is hereby set aside for the reason that it was solely based on the convictions referred to in Paragraph 2 above.

4. Respondent shall discharge petitioner from custody and restore him to the conditions of his parole which became effective July 12, 1966. Within a reasonable time not to exceed 30 days petitioner may be rearrested and retried on the original charges mentioned herein; provided, however, that he shall be guaranteed his constitutional right to court-appointed counsel, in the absence of waiver.