Luvernia GREEN a/k/a Laverne Greene et al., Plaintiffs,

v.

CITY OF TAMPA, a Florida Municipal Corporation, et al., Defendants.

No. 70–126 Civ. T.

United States District Court,
M. D. Florida,
Tampa Division.

Dec. 22, 1971.

Andrew J. Mirabole, Law, Inc. of Hillsborough County, Tampa, Fla., for plaintiffs.

Wm. Reece Smith, Jr., Joe H. Mount, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for defendants.

MEMORANDUM OPINION

KRENTZMAN, District Judge.

This is a civil rights action based upon 42 U.S.C. § 1983. Plaintiffs are seeking declaratory and injunctive relief relating to the requirements of the United States Constitution regarding the rights of indigent Municipal Court defendants

to court appointed counsel. The basis of federal jurisdiction is 28 U.S.C. §§ 1343 and 2201.

The individual plaintiffs are persons who were charged with offenses in the Tampa Municipal Court, and who were found guilty of said offenses. Findings of fact relative to the precise position occupied by some of the individual plaintiffs have been made by the Court in considering prayers for habeas corpus relief made by the individual plaintiffs.[1] The Court previously ruled that this action is maintainable as a class action and defined the class to be all indigent persons who in the future will be charged with an offense in the Tampa Municipal Court and who will not be advised by the city judges of their constitutional right to appointed counsel.[2]

The defendants are the City of Tampa, a municipal corporation, and the Municipal Court judges of the City of Tampa. There are three Municipal Court Judges of the City of Tampa. They are Judge Bob Johnson, Judge Charles Scruggs, and Judge John D. Menas.

This case had been noticed for pretrial conference and non-jury trial. The parties filed a pretrial stipulation as a result of which the factual issues have been resolved and the issues of law have been simplified. The issues of law have been fully briefed by the parties, and the Court has heard arguments of counsel.

## STIPULATED FACTS

In Exhibit Eight attached to their pretrial stipulation, the parties state that no issues of fact remain to be litigated. In Exhibit Four plaintiffs list their exhibits to be offered as those which were attached to the complaint. Defendants state that they have no exhibits. In Exhibit Five the parties state that they have no witnesses. In Exhibit Six the practices of each of the Municipal Judges in the City of Tampa is described as follows:

"1. Defendant Municipal Court Judge Bob Johnson advises all indigents charged with violations with a potential jail sentence in excess of six months, that they are entitled to an attorney and that the Court will appoint an attorney for them if they cannot afford one. Judge Johnson appoints attorneys for defendants if they are indigent, are confronted with a potential sentence of more than six months, and request an attorney to be appointed.

"2. Defendant Municipal Court Judge Charles Scruggs, at the commencement of each session of his Court advises all defendants that they have the right to be represented by an attorney. If Judge Scruggs anticipates that the charge, if proven, may result in a sentence to jail of more than 30 days, then he advises the indigent defendant individually of his right to court appointed counsel. Judge Scruggs appoints attorneys for defendants who are indigent and then only if requested to do so.

"3. Defendant Municipal Court Judge Menas, at the beginning of each session of his Court, advises all defendants of their right to be represented by an attorney and of their right to have an attorney appointed to represent them if they cannot afford to hire an attorney. He readvises each defendant individually of these rights in serious cases and appoints attorneys for indigents when requested to do so."

The parties further stipulated that substantially all of the municipal ordinances of the City of Tampa carry with them a potential jail sentence of six months.

## MEMORANDUM OF LAW

This case is before the Court due to a conflict in decisions of the courts of the State of Florida and the United States Court of Appeals for the Fifth Circuit.

The Fifth Circuit Court of Appeals has definitively held that in criminal cases in which an accused is faced with a

---

1. See for example the Court's order of April 24, 1970.

2. See the Court's order of January 7, 1971.

possible maximum sentence of ninety (90) days in jail, or a possible maximum fine of $500.00, the accused has the right to be represented by counsel, the right to be advised of his right to counsel, and if indigent, the right to court appointed counsel. Alvis v. Kimbrough, 446 F.2d 548 (5 Cir. 1971); Wooley v. Consolidated City of Jacksonville, 433 F.2d 980 (5 Cir. 1970); Mathews v. Florida, 422 F.2d 1046 (5 Cir. 1970); Bohr v. Purdy, 412 F.2d 321 (5 Cir. 1969); James v. Headley, 410 F.2d 325 (5 Cir. 1969); Colon v. Hendry, 408 F.2d 864 (5 Cir. 1969); Boyer v. City of Orlando, 402 F.2d 966 (5 Cir. 1968); Goslin v. Thomas, 400 F.2d 594 (5 Cir. 1968); McDonald v. Moore, 353 F.2d 106 (5 Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5 Cir. 1965). Federal District Courts in the State of Florida have adhered to these decisions, and where appropriate have granted habeas corpus relief. Mitchell v. Wainwright, D.C., 308 F.Supp. 436; Bramlett v. Peterson, 307 F.Supp. 1311 (M.D.Fla.1969); Rutledge v. City of Miami, 267 F.Supp. 885 (S.D. Fla.1967). The experiences of the United States District Court for the Middle District of Florida, Jacksonville Division, as to one county in that division are discussed in *Bramlett* at pp. 1319–1320. Many other lower court decisions, both state and federal in accord with the position of the Fifth Circuit Court of Appeals decisions are collected in Beck v. Winters, 407 F.2d 125 (8 Cir. 1969).

In the Tampa Division of the Middle District of Florida, there have been numerous cases other than Mitchell v. Wainwright, *supra,* in which habeas corpus relief was granted based upon the Fifth Circuit cases cited above. Gaston v. Genung, No. 71–456 Civ.T. (habeas corpus relief granted by order entered November 8, 1971); Smith v. Underhill, No. 71–451 Civ.T. (respondent stipulated to release petitioner, action dismissed by order entered October 27, 1971); Bryant v. Weitzenfeld, No. 71–310 Civ.T. (habeas corpus relief granted by order entered August 2, 1971); McKnight v. Wainwright, No. 71–146 Civ.T.

(habeas corpus relief granted by order entered March 4, 1971); Gaston v. Genung, No. 71–7 Civ.T. (habeas corpus relief granted by order entered March 24, 1971).

None of the above cited cases involved convictions in Municipal Court in the City of Tampa. The Court has granted habeas corpus relief to the named plaintiffs herein, and to members of the class who the named plaintiffs represent. In addition, the Court has been confronted with the precise right to counsel issue evolving from convictions in Municipal Court in the City of Tampa in several other cases. Sparrow v. Wainwright, No. 71–118 Civ.T. (habeas corpus relief granted by order entered May 26, 1971); Brazell v. Hunter, No. 70–161 Civ.T. (habeas corpus relief granted by order entered May 14, 1970). Gause v. Hunter, No. 70–86 Civ.T. (respondent stipulated to release petitioner, action dismissed by order entered March 20, 1970); Davis v. Littleton, No. 70–43 Civ.T. (respondent stipulated to release petitioner, action dismissed by order entered March 6, 1970).

Against this overwhelming weight of authority to the contrary, the courts of the State of Florida have steadfastly held that the right to be advised of the right to counsel, and the right of court appointed counsel for indigent accused persons delineated by the Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), apply only when the accused is faced with a possible maximum sentence of six months in jail. Argersinger v. Hamlin, 236 So.2d 442 (Fla.1970); Watkins v. Morris, 179 So.2d 348 (Fla.1965).

Both the Fifth Circuit Court of Appeals and the Florida Supreme Court have recognized the distinction between their respective holdings. Colon v. Hendry, *supra,* at p. 865; Watkins v. Morris, *supra,* at p. 349. When there is a conflict between the decisions of courts of the United States, and decisions of courts of a state, there can be no question as to the prevailing authority.

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." [3]

It is apparent that the practices of each of the Municipal Court Judges in the City of Tampa fall short of the requirements set down by the Fifth Circuit Court of Appeals in the cases discussed above. Judge Bob Johnson advises indigents of their right to court appointed counsel only if they are charged with violations with a potential jail sentence in excess of six months. He appoints counsel for such persons when requested. Judge Charles Scruggs advises indigent persons individually of their right to counsel only *if he anticipates* that the charge, if proven, may result in a sentence to jail of more than 30 days. He appoints counsel under such circumstances only when requested to do so. The practices of Judge Menas are not clear from the stipulated facts, but it does appear that he advises defendants individually of rights in serious cases only. The meaning of serious cases is not set out.

## ISSUES OF LAW

The parties have stipulated that the issues of law are as set out below.

I. When must defendant Municipal Court Judges advise indigent Municipal Court Defendants charged with violations of Florida law or of a municipal ordinance, that they are entitled to court appointed counsel?

■ The principles enunciated by the Supreme Court of the United States in Gideon v. Wainwright, *supra,* apply in every case in which crimes charged carry possible penalties as great as ninety (90) days imprisonment or fines of $500.00. This stricture of the Sixth Amendment is made applicable upon the Municipal Court in the City of Tampa by virtue of the Fourteenth Amendment. Defendant Municipal Court Judges must advise indigent defendants of their rights to court appointed counsel in every case which carries a possible maximum sentence as set out above. The Municipal Court Judge's estimation that even if proven a sentence would not be imposed beyond these limits has no effect upon the defendant's right to court appointed counsel. All charges against an accused must be cumulated in measuring the possible sentence which could be imposed, for the purpose of calculating whether the offense is serious enough to entitle the defendant to claim a Constitutional right to counsel.

II. When must Municipal Court Judges appoint counsel for indigent Municipal Court defendants charged with violations of Florida law or of a municipal ordinance?

■ In every case in which an indigent Municipal Court defendant is entitled to be advised of his right to court appointed counsel, counsel must be appointed for him unless the defendant voluntarily and knowingly waives his right. Mere failure to request that counsel be appointed can never constitute a voluntary and knowing waiver. Waiver of right to counsel must appear of record.

III. What standards of indigency should be applied by defendant Municipal Court Judges?

This issue is not properly before the Court. No facts have been presented to the Court showing any case or controversy, and no facts have been stipulated into the record from which the Court can declare rights or duties of the parties.

In granting declaratory relief as to the issues set out above, the Court will allow defendant Municipal Court Judges

3. U.S.Const. art. VI, Cl. 2.

considerable latitude in effectuating the constitutional demands set out herein. In allowing such latitude, it is expected that defendants will adopt procedures consistent with practice in the Municipal Courts, and consistent with the Constitutional demands. Without requiring that they be implemented, the Court would commend to defendant Municipal Court Judges the procedures outlined by the Court in Bramlett v. Peterson, 307 F. Supp. 1311, 1322–1325 (M.D.Fla.1969). As noted by the Court in *Bramlett,* the standards set out therein appear to be a constitutionally acceptable minimum oral inquiry as to counsel, indigency and waiver.

### RELIEF

Plaintiffs are seeking both declaratory and injunctive relief. It is evident that plaintiffs are entitled to both. At final arguments, counsel for defendants assured the Court that each of the defendant Municipal Court Judges indicated that they would abide by this Court's decision without necessity of entry of a permanent injunction. This being the case entry of an injunction should cause defendants no anguish. Defendants contend that there have not been the abundant petitions for habeas corpus relief as were experienced by the Court in *Bramlett, supra,* and which entitled plaintiffs to injunctive relief in that case. There have, however, been numerous occasions when this Court has unmistakenly indicated that there is an absolute right to counsel when an indigent defendant in Municipal Court in the City of Tampa is charged with offenses which carry with them a possible maximum sentence in excess of ninety (90) days or $500.00 fine. Despite these definitive rulings, and despite the rulings of the Fifth Circuit Court of Appeals discussed above, it is apparent that defendant Municipal Court Judges have not acceded. In opposition to the granting of injunctive relief, defendants have said, "Charges that one has acted to deny the civil rights of another are serious. They do not pose a friendly suit for clarification of the law." Indeed, defendants are correct. A violation of Constitutional rights is no friendly matter. Defendants argue that the law relative to right to counsel for indigent misdemeanants is unclear, yet no lack of clarity has been shown as to the standards set out above, and still defendants are not in compliance therewith. Under these circumstances injunctive relief is not merely appropriate, it is necessary.

Final judgment granting declaratory and injunctive relief to plaintiffs and their class shall be entered in accordance with the foregoing memorandum opinion.

The foregoing shall constitute findings of fact and conclusions of law.

### FINAL JUDGMENT

This action has come on for final hearing before the Court upon stipulated facts. The Court has entered a Memorandum Opinion which includes findings of fact and conclusions of law. Based upon the Memorandum Opinion previously entered, it is

Ordered, adjudged and decreed:

1. Plaintiffs' prayer for declaratory relief is hereby granted as follows:

A. The principles enunciated by the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) apply in every case in Municipal Court in the City of Tampa in which an indigent is charged with crimes which carry a possible penalty as great as ninety (90) days imprisonment or fines of $500.00. Defendant Municipal Court Judges must advise indigent defendants of their rights to court appointed counsel in every case which carries a possible maximum sentence of ninety (90) days imprisonment or $500.00 fine. All charges against an accused must be cumulated ·in measuring the possible sentence which could be imposed for the purpose of calculating whether the offense is serious enough to entitle the defendant to claim a Constitutional right to counsel.· A Municipal Court Judge's estimation

that if a charge were proven a sentence would not be imposed in excess of ninety (90) days in jail or $500.00 has no effect upon the defendant's right to counsel.

B. In every case in which an indigent Municipal Court defendant is entitled to be advised of his right to court appointed counsel, counsel must be appointed for him unless the defendant voluntarily and knowingly waives his rights. Mere failure to request that counsel be appointed can never constitute a voluntary and knowing waiver. Waiver of right to counsel must appear of record.

C. The issue of what standards of indigency should be applied by defendant Municipal Court Judges is not properly before the Court, and the Court will dismiss this action insofar as declaratory and other relief is sought as to this issue.

D. In granting the declaratory relief set out above, the Court has allowed defendant Municipal Court Judges considerable latitude in effectuating the Constitutional requirements. Defendants are required to adopt procedures consistent with the Constitutional demands set out herein, and may do so consistent with practice in Municipal Court in the City of Tampa. Without requiring that they be implemented, the Court would commend to defendant Municipal Court Judges the procedures outlined by the Court in Bramlett v. Peterson, 307 F.Supp. 1311, 1322–1325 (M.D. Fla. 1969).

2. Plaintiffs' prayer for injunctive relief is hereby granted, and defendants are hereby enjoined from failure to effectuate the Sixth Amendment right to counsel guaranteed to plaintiffs and members of their class, by following in every case adequate procedures to insure that all indigent misdemeanants who are charged with crimes which carry a possible penalty as great as ninety (90) days imprisonment or fines of $500.00 are afforded court appointed counsel, absent knowing and voluntary waiver.