159 So.2d 866 (1964)
Dale T. FISH, Appellant,
v.
STATE of Florida, Appellee.
No. 32891.
Supreme Court of Florida.
January 24, 1964.
Selig I. Goldin and Reynolds & Goldin, Gainesville, for appellant.
*867 James W. Kynes, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
The sole issue here is whether an indigent defendant, accused of committing a crime which is a misdemeanor only, is entitled to have counsel appointed to assist him in his defense to the charge.
The question arose in a motion-to-vacate-commitment proceeding instituted by appellant, under the authority of Florida Criminal Procedure Rule No. 1 adopted April 1, 1963, F.S.A. ch. 924 Appendix,[1] to test the legality of his confinement in the Alachua County jail under judgments of the trial court entered upon his pleas of "guilty" to the several misdemeanors charged against him.
The trial judge heard the testimony of the appellant and entered an order finding that at the time of trial appellant "was indigent and unable to retain counsel of his own choosing"; and, further, that appellant "was not represented by counsel, did not waive counsel, did not request counsel and the Court did not offer to appoint counsel to defend [him] when he was arraigned, when he entered a plea of guilty and when he was adjudicated guilty in each of the above causes." The trial judge held, however, that there was nothing in the Florida Constitution nor in the United States Constitution requiring that an indigent defendant should have court-appointed counsel to defend him on a misdemeanor charge. His order denying the appellant's several motions "to vacate commitment" has been appealed directly to this court, as authorized by revised Article V, Section 4(2), F.S.A.
It is clear that, under the pronouncements of the United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962) ("the Gideon case" hereafter), the judgments entered against appellant in the circumstances quoted above would have been vulnerable *868 to collateral attack if such judgments had convicted appellant of felonies. And the appellant contends here that the language of the high court in the Gideon case is broad enough to include misdemeanors, as well as felonies, and that he has been unlawfully deprived of his liberty because of the failure of the court to appoint counsel to defend him in the circumstances recounted above.
In the now historic decision in the Gideon case, supra, the United States Supreme Court held that the right of one charged with crime to have counsel is "a fundamental right, essential to a fair trial", requiring appointment of counsel in a state court under the Due Process Clause of the Fourteenth Amendment, just as the Sixth Amendment requires in a federal court. It expressly reversed its previous decision in Betts v. Brady (1942), 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, in which it had held that a refusal to appoint counsel for an indigent defendant charged with a non-capital felony did not necessarily violate the Due Process Clause of the Fourteenth Amendment  that "special circumstances" must be shown in order to constitute such refusal an unconstitutional deprivation of a fundamental right
Following the decision in the Gideon case, this court initiated steps to facilitate the procedure by which convicted felons could obtain relief from judgments of conviction that were subject to collateral attack because of the denial of a fundamental right, including the right to counsel, by adopting Criminal Procedure Rule No. 1. Thereafter the Legislature of Florida enacted Public Defender Law, Ch. 63-409, Laws of 1963, creating the office of public defender  one for each judicial circuit in this state, with assistants as needed  to represent indigent defendants who are charged with a non-capital felony, unless such person "knowingly, understandingly, and intelligently" waives the opportunity to be so represented.
These actions were taken by this court and the Legislature as the direct result of  it might even be said, under the coercion of  the mandate of the United States Supreme Court in the Gideon case. Until the enactment of the Public Defender Law, supra, there was nothing in our statutory law requiring court-appointed counsel to represent a non-capital indigent defendant. And our organic law  Section 11, Declaration of Rights, Florida Constitution  insofar as the right to counsel is concerned, says only that an accused has the right to be heard "by himself, or counsel, or both." (Emphasis added.) Thus, until the decision in the Gideon case, the courts of this state appointed counsel to represent an indigent defendant in a capital case only  and, occasionally when "special circumstances" were shown, in non-capital cases under the rule of Betts v. Brady, supra.
Since the Gideon case, our Legislature has provided for a public defender to represent indigent defendants in all non-capital felony cases. By limiting the scope of the Act to felonies, the Legislature has, in effect, declared the public policy of this state to be that persons accused of misdemeanors only do not necessarily require the appointment of counsel to assist in their defense. We have carefully read the decision in the Gideon case and find nothing that indicates, conclusively, that it was intended to apply to all crimes  misdemeanors as well as felonies, traffic violations, any infraction of the law for which one is "haled into court", to quote Mr. Justice Black's language in the opinion. We have also noted the statement of Mr. Justice Harlan, in his opinion concurring in the judgment, that the question of whether the rule of the Gideon case "should extend to all criminal cases need not now be decided."
In view, then, of the legislative background  organic and statutory  of this matter, and in the absence of any clear mandate in the Gideon case to apply its rule to misdemeanors as well as felonies, we do not feel that we are authorized to *869 overturn the legislative declaration of the policy of this state in respect to this matter, referred to above.
Accordingly, the order here reviewed should be and it is hereby
Affirmed.
DREW, C.J., and THOMAS, THORNAL, O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur
NOTES
[1] "Criminal Procedure Rule No. 1. A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.
"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
"An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
"This rule shall not apply to municipal courts. * * *"