193 So.2d 606 (1967)
STATE of Florida ex rel. Jesse Lee TAYLOR, Petitioner,
v.
WARDEN OF ORANGE COUNTY PRISON FARM, Respondent.
No. 35740.
Supreme Court of Florida.
January 11, 1967.
Tobias Simon and Alfred Feinberg, Miami, for petitioner.
W.J. Vaughn, Melbourne, for respondent.
*607 PER CURIAM.
This cause is before us on petition for writ of habeas corpus seeking release of petitioner, now serving mandatory consecutive sentences of ninety (90) days each on two counts and two additional ninety (90) day sentences in lieu of payment of $500 fines on each count. These sentences were imposed by the Municipal Court of the City of Melbourne for violations of municipal ordinances.
We issued the writ and, having considered the return of the Attorney General and briefs of the parties, find petitioner's contentions to be without merit.
Writ of habeas corpus is discharged.
It is so ordered.
THORNAL, C.J., and ROBERTS, DREW and CALDWELL, J., concur.
ERVIN, J., dissents with Opinion.
ERVIN, Justice (dissenting).
Petitioner seeks writ of habeas corpus for release from confinement which he is serving because of convictions of violations of municipal ordinances in the Municipal Court of the City of Melbourne, Florida. Petitioner was sentenced to mandatory consecutive sentences of ninety (90) days each on two counts, required to pay a fine of $500.00 on each count, and in lieu of payment of fines was required to serve two additional 90-day sentences. As a result, he was sentenced to a total of 360 days.
Petitioner is an indigent and he pleaded guilty to violations of the municipal ordinances. He had no counsel of his own and the Municipal Court did not provide him with one or advise him of his right to counsel, but nevertheless accepted his guilty plea.
I think the time has come when the principles announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, should be applied in cases of the seriousness of this case, despite our prior holdings in Fish v. State, Fla., 159 So.2d 866, and Watkins v. Morris, Fla., 179 So.2d 348. When in any court in this state, whether state, county or municipal, a criminal case arises and the penalty prescribed in the event of conviction authorizes a sentence of confinement of 30 days or more, either initially or upon failure to pay a monetary fine, counsel should be provided an indigent defendant to counsel and assist him in his defense pursuant to the principles and rules announced in Gideon v. Wainwright, supra.
Failure to do so should invalidate the conviction in the absence of a clear waiver of the right to counsel. I deem it appropriate at this time to draw a line between those criminal cases of sufficient gravity requiring and those not requiring counsel to represent indigent defendants. I believe the line should be drawn on the basis of the extent of the penalty prescribed as outlined above. The rule should apply in this case and in all future cases.