**Efrain Rivera COLON, Plaintiff-Appellant,**

v.

**E. A. "Doug" HENDRY, Sheriff, Collier County, Defendant-Appellee.**

**No. 26602.**

United States Court of Appeals
Fifth Circuit.

March 18, 1969.

Joseph C. Segor, Eleanor L. Schockett, Miami, Fla., for appellant.

George Vega, Jr., B. Clarke Nichols, Carroll, Vega, Brown & Nichols, Naples, Fla., for appellee.

Before PHILLIPS,* BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

The background of this case is a petition by a state prisoner for a federal writ of habeas corpus. The petition was filed on March 1, 1968. Although successful in that endeavor, petitioner now finds that the activities which resulted in the

* Of the Tenth Circuit, sitting by designation.

original misdemeanor charges against him have undergone a form of metamorphosis in the eyes of the state. He is now charged with a felony on the basis of the same activities. He doubtless wonders what manner of mistake he made in seeking his constitutional right to counsel.

Petitioner, a migrant farm worker, was convicted of assault and battery, Fla.Stat. § 784.03 (1967), F.S.A.; carrying a concealed weapon, Fla.Stat. § 790.01 (1967), F.S.A.; and improper exhibition of a dangerous weapon, Fla.Stat. § 790.10 (1967), F.S.A. He received a sentence of $500.00 or six months imprisonment on the first charge, $250.00 or six months imprisonment on the second and $100.00 or three months imprisonment on the third. The terms of imprisonment were to be served consecutively. Unable to pay the fines, he commenced serving the sentences totalling fifteen months on October 30, 1967.

On the hearing of his petition for the writ, it developed that petitioner spoke only a Spanish dialect and did not understand the proceedings in the Justice of the Peace Court where he was tried and did not waive his right to counsel. It also appeared that he was indigent. He was not advised of his right to counsel. On April 26, 1968, the district court granted the writ on condition that the state could refile charges against him within a time certain.

Rather than proceeding against petitioner on the same charges, however, the state then charged him with the felony of aggravated assault which carried a possible sentence of six years. Fla.Stat. § 784.04 (1967), F.S.A. This was done on May 1, 1968. Bond was set at $2,500.-00.

On May 22, 1968, petitioner sought an order in the district court to stay the state prosecution and for discharge. He urged that the state did not refile charges as directed by the order of the district court in granting the writ, and also that he could not be subjected to a felony charge under the circumstances. The district court denied this motion on June 21, 1968 and this appeal followed. Meanwhile and finally, after release pending appeal was sought in this court, petitioner's bond was reduced to $250.00. He was released on bond on August 31, 1968 —ten months after commencing the service of the original sentences.

■ Two questions are presented. One, did the district court err in holding that its original order granting the writ was not violated or frustrated by charging petitioner with a felony. The original order was not explicit in respect to what might be done in the way of refiling charges. The district court, construing its own order and intention, ruled adversely to petitioner on this question. We cannot say that this construction was erroneous.[1]

The second question is much more serious. Petitioner contends that the action of the state in charging him, on remand, with a felony, was an unwarranted inhibition on the use of the federal writ of habeas corpus. The district court also found this contention to be without merit. We disagree.

The problem presented has its genesis to some extent in an impasse existing between this court and the Supreme Court of Florida over the right to counsel. This court has extended the Sixth Amendment right to counsel to certain misdemeanor cases including cases involving the misdemeanor type charges originally involved here. Harvey v. Mississippi, 5 Cir., 1965, 340 F.2d 263; McDonald v. Moore, 5 Cir., 1965, 353 F.2d 106. The Florida Supreme Court does not so construe the Sixth Amendment. Fish v. State, 159 So.2d 866 (Fla.S.Ct., 1964); Watkins v. Morris, 179 So.2d 348 (Fla.S.Ct., 1964); Taylor v. Warden of Orange County Prison Farm, 193 So.2d 606 (Fla.S.Ct., 1967).

The Sheriff's position here, and by indirection that of the state, is that the Justice of the Peace was unable to ap-

---

1. The court, of course, had ample authority with which to protect its own order in the event it had decided to the contrary. See 28 U.S.C.A. § 2283 (1964).

point counsel in his court. Moreover, that court was unable to provide a jury trial, and normally charges such as those pending against petitioner would be transferred to the county court for jury trial. Nevertheless, a transfer even to the county court would be of no avail to petitioner since the sheriff takes the further position that the county court could not appoint counsel for an indigent defendant. Thus, the sheriff argues, it was necessary to charge petitioner with a felony so as to make appointed counsel available to him through the Florida Public Defender system.

We are not told why it would be impossible for the Justice of Peace or the county court to appoint counsel to defend petitioner on the misdemeanor charges. Traditionally a court may appoint its officers, members of the bar, to defend an indigent person. That question, nevertheless, is not presented to us. We must answer whether the sheriff, under these facts, freighted the right to seek the federal writ of habeas corpus with an impermissible burden.

The bare facts of what was done are buttressed by the statement of the sheriff's counsel made to petitioner's counsel immediately following the habeas hearing. What was said is contained in the irrefuted affidavit of petitioner's counsel of record at the time the district court rendered the decision now under review. The affidavit, in pertinent part, recites that petitioner's counsel, in the presence of the sheriff:

"* * * advised affiant to the effect that it was a shame that 'we' had pursued this course because now 'they' would have to file Aggravated Assault charges against the Petitioner. When affiant protested that to do so was blackmail, she was told that ordinarily when one comes before the Criminal Court of the Justice of the Peace of Collier County on a misdemeanor charge and asks for a jury trial he is bound over to the County Judge's Court. The County Judge's Court does not have facilities to appoint counsel, therefore felony charges would have to be filed so that the Petitioner could be tried in the Circuit Court of Collier County which does have facilities for appointing counsel."

No evidentiary hearing was had in the district court on the question of the subsequent felony charge being an impermissible inhibition on petitioner's right to seek the federal writ. The facts make out a prima facie case for petitioner. We will not, however, render judgment for him in the absence of a hearing in the district court to afford the sheriff and the state, if it wishes to do so, the opportunity to come forward with countervailing evidence, if such is possible, on the question. Cf. United States v. Jackson (1968), 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, on the illegality of needlessly penalizing one for asserting a constitutional right.

The cases such as Simpson v. Rice, 5 Cir., 1968, 396 F.2d 499, cert. granted, 393 U.S. 932, 89 S.Ct. 292, 21 L.Ed.2d 268; and Pearce v. North Carolina, 4 Cir., 1968, 397 F.2d 253, cert. granted, 393 U.S. 925, 89 S.Ct. 258, 21 L.Ed.2d 258, both now pending on certiorari, are factually inapposite although the teaching of the Supreme Court on final decision may be controlling or at. least persuasive. They involve the question of increased sentences upon retrial after the grant of the. federal habeas writ. Here there has been no retrial; only a charge of more gravity: a felony as distinguished from a misdemeanor. Although there has been as yet no retrial and no sentence, it cannot be said that the plight of petitioner has not substantially worsened.

Reversed and remanded for further proceedings not inconsistent herewith.