Roy Raymond **BOHR**, Appellant,

v.

E. Wilson **PURDY**, Director of Public Safety, Dade County, Florida, Appellee.

No. 26637

Summary Calendar.

United States Court of Appeals Fifth Circuit.

May 7, 1969.

Bruce S. Rogow, Alfred Feinberg, Miami, Fla., for appellant.

Roy Wood, Asst. State Atty., Miami, Fla., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

 Bohr was arrested in Miami in May 1968, and charged with two offenses: (1) reckless driving, causing an accident in violation of § 30–16(a) of the Code of Metropolitan Dade County, and (2) leaving the scene of an accident involving another vehicle in violation of § 30–155 of the same code.[1] Conviction on these charges together was punishable by 90 days in prison and a $750 fine.

 Bohr tried to get legal representation from an OEO-funded legal services office in Miami. That office referred him to the Public Defender. The Public Defender agreed to take the case only if the trial could be scheduled in the building where his office was located. The state court refused to transfer the trial, however, from the courtroom that had previously been chosen. Instead, the court proceeded with the trial and convicted Bohr without counsel. It sentenced him to sixty days in prison and fined him $500 plus costs of $25. In

---

1. Under new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

**322**

lieu of payment, the sentence provided 53 added days in prison. The court also ordered Bohr's license revoked for two years.

Our recent decision in James v. Headley, 5 Cir. 1969, 410 F.2d 325, makes it clear that Bohr was constitutionally entitled to counsel. See Harvey v. Mississippi, 5 Cir. 1965, 340 F.2d 263. The law in Florida at the time that this petition was brought did not provide for counsel in this case. Brinson v. Florida, S.D.Fla.1967, 273 F.Supp. 840. The judgment of the district court is therefore reversed and the case is remanded for disposition consistent with this opinion.