**Thelma Mae STEADMAN, Petitioner,**

v.

**Edwin H. DUFF, II, as Sheriff of Volusia County, Florida, Respondent.**

**No. 69–464–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

July 30, 1969.

---

Thomas A. Goldsmith, DeLand, Fla., for petitioner.

Dan R. Warren, Judge & Warren, Daytona Beach, Fla., for respondent.

## ORDER OF RELEASE

WILLIAM A. McRAE, Jr., District Judge.

On July 18, 1969, this Court permitted Petitioner to proceed in forma pauperis and entered an order to show cause based on petitioner's habeas corpus allegation that she neither waived nor was advised of her constitutionally guaranteed right to court-appointed counsel as an indigent.

Petitioner was adjudged guilty on June 30, 1969, in the Justice of the Peace Court, Eleventh District, in Volusia County, Florida, on two misdemeanor charges and was sentenced to an aggregate term of 210 days. No appeal was taken, and post-conviction relief was not sought in state courts under Rule 1.850, Fla.R.Crim.P. (1968), 33 F.S.A.

In his response, Sheriff Duff states he has no knowledge whether petitioner was offered counsel as an indigent nor whether she waived such right to court-appointed counsel. He adds:

> However, your Respondent does have knowledge that it is not the practice to afford individuals charged with misdemeanor offenses in the various Justice of the Peace Courts in Volusia County, Florida, a court appointed counsel at the expense of the State.

Since petitioner's allegations have not been challenged by respondent and since the evidence does not indicate that the offer of counsel was made or the right waived, petitioner's allegations must be accepted as true. 28 U.S.C. § 2248 (1964).

■ In the federal courts of the Fifth Circuit, it is well settled that in cases such as the one presently before the Court, the right to counsel is as absolute as if the charge were a felony and thus it should fall under the controlling rule of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). That position has been repeatedly reaffirmed by the Fifth Circuit Court of Appeals during the last four and one-half years. Bohr v. Purdy, No. 26637, 412 F.2d 321 (5th Cir., filed May 7, 1969). James v. Headley, 410 F.2d 325 (5th Cir. 1969); Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965).

■ The right to counsel in such cases has been established firmly by precedent, and the reasons for requiring counsel are fundamental ones. More than any other right guaranteed by the Bill of Rights regarding the function of justice, the right to counsel is paramount, for it is the medium through which all other guarantees are made a reality. See e.g., James v. Headley, supra 410 F.2d at 332–333 (Wisdom, J., concurring portion of opinion for the court).

■ Although the right to counsel is crucial in effectuating constitutional rights, it has been suggested that for reasons of practicality a lower limit must be imposed. Boyer v. City of Orlando, 291 F.Supp. 1005 (M.D.Fla.) (Young, J.) (offense punishable by a maximum of $120 fine or 60 days imprisonment, or both, not entitled to have appointed counsel), stayed, pending state exhaustion, 402 F.2d 966 (5th Cir. 1968); State ex rel. Taylor v. Warden of Orange County Prison Farm, 193 So. 2d 606, 607 (Fla.1967) (Ervin, J. dissenting) (suggesting the right to court-appointed counsel should apply where the penalty may be 30 days or more, either initially or upon failure to pay a monetary fine). On the other hand, counsel has been required where the maximum punishment was 90 days imprisonment and $500 fine, Harvey v. Mississippi, supra, quoted with apparent approval in Goslin v. Thomas, supra, 400 F.2d at 598 n. 6. It has been urged that right to court-appointed counsel should reach all cases threatening loss of liber-

ty for any period of time, or involving an offense of moral turpitude, or even in other cases where appropriate. James v. Headley, *supra* at 410 F.2d 334–335 (Wisdom, J., concurring portion of opinion for the court). *See* Comment, 21 U. Fla.L.Rev. 421 (1969). Whatever the outcome of this discussion may be, it is certain that within the *Harvey* rule the right should have been afforded petitioner in the present case where a 210-day sentence was imposed.

That the right to court-appointed counsel for misdemeanants exists and that it must be granted in this case is clear; whether this Court should defer to the state to effectuate that right by dismissing or by holding the petition in abeyance pending state exhaustion, *see* Carr v. Simpson, 412 F.2d 838 (5th Cir., filed June 5, 1969), or may, instead, manage its application indirectly by granting release by habeas corpus, requires further examination. In Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968), the panel held that the federal courts should not establish the lower limit for application of the right to court-appointed counsel for misdemeanants without first giving the Florida Supreme Court an opportunity to change its position stated in State ex rel. Taylor v. Warden of Orange County Prison Farm, *supra;* Watkins v. Morris, 179 So.2d 348, 349 (Fla.1965); Fish v. State, 159 So.2d 866 (Fla.1964). *See* Brinson v. Purdy, 201 So.2d 260 (3d D. C.A.Fla.1967). The *Boyer* panel said:

> Too much has gone over the dam in this flood stage dynamic development of overriding constitutional restrictions on state prosecution of criminal charges for us to assume that the Florida Supreme Court will perversely adhere to their decisions, recent as they are. * * * [W]e cannot assume that Florida Courts would ignore the impact of our recent decisions * * *. Boyer v. City of Orlando, *supra* 402 F.2d at 967.

In the nine months since the *Boyer* decision, three other panels of the Fifth Circuit Court of Appeals have ruled in cases involving an indigent misdemeanant's right to counsel in Florida courts without heeding the restraint advocated by *Boyer*, but without referring to it. Bohr v. Purdy, *supra*; Colon v. Hendry, 408 F.2d 864 (1969); James v. Headley, *supra*.

■ This Court finds for several reasons that further waiting on the Florida courts cannot be permitted. The length of the sentence actually given petitioner and the importance of the assistance of counsel discussed above require us to ignore the holding in *Boyer*, as three other panels of the Fifth Circuit have done in Bohr v. Purdy, *supra*, Colon v. Hendry, *supra*, and James v. Headley, *supra*. The *Boyer* decision pointed to the convenient shelters of federalism and comity as reasons why the federal courts should wait. At that time, the Florida courts had held back three years, nine months; they have now failed to act for an additional nine months. *Cf.* Note, Gideon, Escobedo, Miranda: Begrudging Acceptance of the United States Supreme Court's Mandates in Florida, 21 U.Fla.L.Rev. 346 (1969). The prevailing position of the Supreme Court of Florida is clear. In Watkins v. Morris, Fla., 179 So.2d 348, 349 (1965), the court said:

> We do not overlook Harvey v. State of Mississippi, * * *. However until authoritatively determined to the contrary by the Supreme Court of the United States, the rule in Florida is that there is no absolute, organic right to counsel in misdemeanor trials.

In 1967, Justice Ervin, dissenting, stated "I think the time has come when the principles announced in Gideon v. Wainwright * * * should be applied in cases of the seriousness of this [misdemeanor] case, despite our prior holdings * * *." State ex rel. Taylor v. Warden of Orange County Prison Farm, 193 So.2d at 607.

It is apparent that no relief will be forthcoming from the Florida supreme court in the near future. Following the decision in Boyer v. City of Orlando, *supra*, the petitioner sought to exhaust

state relief in the Municipal Court of Orlando, and in the Orange County Circuit Court. The circuit court then certified the question to the Supreme Court of Florida. Oral argument in Boyer v. City of Orlando, No. 38,660 (Fla.Sup. Ct.) will not be heard until November 12, 1969. By the time that decision is rendered, petitioner will have long been released on completion of her sentence.

 Comity must operate both ways, and the Florida courts have consistently refused to recognize the repeated federal mandates of the Fifth Circuit. Here the traditional presumption that state courts will protect constitutional rights in good faith has been overcome. Indeed, this Court vacated eight misdemeanor convictions rendered by the Justice of the Peace Courts of Volusia County for failure to offer indigent misdemeanants court-appointed counsel nearly two years ago in Cloer v. Thursby, No. 67–618–Civ–J (M.D.Fla., filed Nov. 29, 1967).

The time-honored principle of federalism cannot be made a shield to protect state courts reluctant to accept federal decisions. Inherent in the original concept of federalism was not only the idea of pluralism of state and federal governments, but also the principle that the federal courts would operate as a check on the states to preserve constitutionally guaranteed rights. *See* Note, Theories of Federalism and Civil Rights, 75 Yale L.J. 1007, 1015, 1029–32 (1966).

 It is settled that if resort to state remedies would be futile because state courts have conclusively ruled against petitioner's position, a federal court may hear and decide a petition for habeas corpus without requiring exhaustion of state remedies. McDonald v. Moore, *supra*; Reed v. Beto, 343 F.2d 723, 725 (5th Cir. 1965). The exhaustion principle is a matter of comity and not of jurisdiction. Whippler v. Balkcom, 342 F.2d 388, 390 (5th Cir. 1965). As it appears that the state presently refuses to provide an effective remedy

and denies comity to federal rulings, we can wait no longer.

It is, therefore,

Ordered:

1. The judgments of conviction entered by the Justice of the Peace for Volusia County on June 30, 1969, against petitioner, together with the sentences imposed thereunder, are hereby vacated.

2. Respondent shall discharge petitioner from custody. The state shall have a period of fourteen days in which to rearrest, rearraign and retry petitioner on the original charges, provided, however, that before doing so the state shall guarantee petitioner her constitutional right to court-appointed counsel in the absence of waiver.