Jewel Bertram WOOLEY, Jr., Petitioner,

v.

**CONSOLIDATED CITY OF JACKSONVILLE and Duval County, State of Florida, Respondents.**

No. 70–2–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

Jan. 28, 1970.

Jewel Bertram Wooley, Jr., pro se.

James C. Rinaman, Jr., Gen. Counsel, David U. Tumin, Asst. Counsel, Consolidated City of Jacksonville, Jacksonville, Fla., for respondents.

**ORDER**

SCOTT, District Judge.

On January 2, 1970, this Court issued an order to respondents to show cause why relief should not be granted in the above entitled case. The Court has now received the reply of respondents and has reviewed and considered the entire file.

The facts are undisputed. Petitioner is held by respondents pursuant to a conviction for violation of Section 26–7, Ordinance Code of the City of Jacksonville (disorderly conduct), as well as a conviction for violation of Section 944.40 of the Florida Statutes, F.S.A. (escape from a municipal jail). Section 26–52, Ordinance Code of the City of Jackson-

ville, makes a violation of Section 944.40 of the Florida Statutes, F.S.A. also a municipal offense.

Petitioner alleges that he pled guilty in the Municipal Court of the City of Jacksonville, Florida, to the above mentioned charges and received sentences on these respective charges totaling 90 days· incarceration. Petitioner further alleges that he was not advised of the right to counsel and that he was not told that counsel would be provided for him in the event of his indigency; neither did he waive the right to counsel. These allegations are uncontested in the reply of respondents and, therefore, the Court may accept them as true.

■ For a number of years the United States Court of Appeals for the Fifth Circuit has held that the right to counsel announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) applies to non-felons under certain circumstances. Bohr v. Purdy, 412 F.2d 321 (5th Cir.1969) (two offenses punishable by 90 days and $750.-00); James v. Headley, 410 F.2d 325 (5th Cir.1965) (defendants charged in municipal court with a number of petty offenses each punishable by 60 days, but potentially subjecting defendants to total sentence of 600 and 240 days respectively); Colon v. Hendry, 408 F.2d 864 (5th Cir.1969) (sentence totaling 15 months or $850.00 for three misdemeanors); McDonald v. Moore, 353 F.2d 106 (5th Cir.1965) (sentence of six months and $250.00 fines on each of two misdemeanor charges); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965) (misdemeanor punishable by up to $500.00 fine and up to 90 days in jail). *See also* Steadman v. Duff, 302 F.Supp. 313 (M.D.Fla., 1969); Bramlett v. Peterson, et al., 307 F.Supp. 1311 (M.D.Fla., 1969); Gordon v. Carson, Case No. 69–702–Civ–J (M.D.Fla., 12/22/69); Mitchell v. Wainwright, 308 F.Supp. 436 (M.D.Fla., 1969). It is the belief of this Court that these cases establish the principle that the right to counsel exists where the *total potential* penalty which may be imposed on an alleged violator as a result of *all pending charges* is 90 days or a $500.00 fine.

■ Counsel for respondents argues several jurisdictional points. He first contends that since petitioner has not exhausted his state court remedies, this Court should not accept jurisdiction. However, because of the steadfast refusal of the Florida courts to follow the pronouncements of the United States Court of Appeals for the Fifth Circuit, the recent case of Steadman v. Duff, *supra,* noted that petitioners really have no *available* state court remedy and, therefore, the federal court may accept jurisdiction without requiring exhaustion. In this regard, *see* Colon v. Hendry, *supra,* 408 F.2d at 865, discussing "an impasse existing between (that) court and the Supreme Court of Florida over the right to counsel". *See also* Watkins v. Morris, 179 So.2d 348 (Fla.1965); State ex rel. Taylor v. Warden, 193 So.2d 606 (Fla.1967); Brinson v. Purdy, 201 So.2d 260 (3rd D.C.A.Fla.1967); Fish v. State, 159 So.2d 866 (Fla.1964). The Fifth Circuit recently remanded a municipal court case, Boyer v. City of Orlando, 402 F.2d 966 (5th Cir.1969), so that the Florida courts might again consider their position with regard to counsel in municipal courts. However, this Court has no assurance that the Florida courts will be more inclined to comply with the Fifth Circuit's rulings now than they have been in the past. Therefore, this Court will not require further exhaustion of state remedies as a prerequisite to accepting jurisdiction in this case.

Secondly, the respondents argue that a municipal court is not a "state court" within the meaning of 28 U.S.C. § 2254 and, therefore, this Court has no jurisdiction. That position is untenable for several reasons.

In Rowe v. Peyton, 383 F.2d 709 (4th Cir.1967), affirmed 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420 (1968), regarding

the origins and purpose of the habeas remedy, it was said:

"The writ of habeas corpus is not the creature of a legislature. It was a device fashioned by the common law courts to protect and extend their own jurisdiction.

"In the Seventeenth Century it developed into the 'Great Writ' so prized in Colonial America. In the process, it was assisted by the Petition of Right, enacted by the Parliament in 1728 to extend the writ to bring into question commitments under orders of the Crown, and it received procedural assistance in its codification in the Habeas Corpus Act of 1679, but the writ was essentially the product of judicial innovation.

"In this country, in Article I Section 9 of the Constitution, it was provided that the privilege of the writ shall not be suspended except when required by the public safety in times of rebellion or invasion. The Judiciary Act of 1789 authorized the federal courts to grant such writs, but the nature and scope of the writ was to be found neither in Article I of the Constitution nor in the Judiciary Act of 1789.

"Until 1867 the writ was available in a federal court only to question federal detention. Occasions for its use were infrequent, and in most instances it was employed to question detention of individuals by the military authority acting under executive orders.

"By the Act of February 5, 1867 the federal writ was extended to procure the release of persons held in state custody in violation of the Constitution, laws or treaties of the United States. That statutory authorization, now embodied in 28 U.S.C.A. § 2241, was, unquestionably, a congressional extension of the federal writ to reach cases of state custody, but it was not immediately recognized as having expanded the scope of the writ or altered its other procedural requirements.

"Thus, it was held in Ex parte Parks, [93 U.S. 18, 23 L.Ed. 787] just as it had been held earlier in Ex parte Watkins, [28 U.S. (3 Pet.) 193, 7 L.Ed. 650] that a prisoner serving a sentence imposed by a court of competent jurisdiction had no recourse to habeas corpus. Ex parte Parks was concerned with a federal prisoner, but the scope of the writ was the same whether the petitioner was a state or a federal prisoner. This is clear from the statute.

"In the remainder of the Nineteenth Century there was little advance from that level, except that certain major defects were treated as jurisdictional.

"The great flowering of the writ was a mid-Twentieth Century phenomenon starting tentatively with Frank v. Mangum [237 U.S. 309, 35 S.Ct. 582, 59 L. Ed. 969] budding in Brown v. Allen [344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469] and blossoming with Fay v. Noia [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837]. Those tremendous developments of the writ were entirely judicial, not legislative, and if they owe some debt to a permissive construction of the Act of 1867, it was a construction discoverable only by Twentieth Century judges.

"When the writ as it is known today, therefore, is almost entirely the product of judicial innovation and adaptation to fit it to new situations and newly felt needs, judges should not hesitate to take a further step to adapt it to meet yet another need which is present, urgent, and recognized, even by the state.

"We need not speculate about the matter, however; the Supreme Court has declared that habeas corpus 'is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose'. The statement is historically accurate, and it epitomizes the governing principle of our decision".

■ Turning aside from the question of judicial and legislative involvement in the development of the "Great Writ", at least one authority for vesting power in the federal courts to grant writs of habeas corpus is 28 U.S.C. § 2241. That section grants power to the federal courts to issue writs of habeas corpus

when a petitioner is "* * * in custody in violation of the Constitution or laws or treaties of the United States". 28 U.S.C. § 2254, relied upon by the respondents, is basically a codification of the comity principle of exhaustion of state court remedies developed by the federal case law. Exhaustion is a matter of comity, and not jurisdiction. *See, e. g.,* Williams v. Coiner, 392 F.2d 210 (5th Cir.1968); Pate v. Holman, 343 F. 2d 546 (5th Cir.1965); United States ex rel. Rush v. York, 281 F.Supp. 779 (D. Conn.1967). *See also,* R. SOKOL, FEDERAL HABEAS CORPUS §§ 22.1, 22.2 (1969).

■ Moreover, while it may be that municipal courts are not "state courts" in the traditional usage of those words, it is clear that municipal governments, including municipal courts, exist as a result of enabling legislation from state governments. In that sense, they are "state courts". *See* Article 5, Section 1, and Article 8, Constitution of the State of Florida, F.S.A.; Chapter 67–1320, as amended, Laws of 1967 (Article 13—Judiciary, Chapter 2—Municipal Courts). To hold otherwise would be to deny habeas relief simply because the offense charged and the court were local in nature.

■ The respondents also point to dictum in the *McDonald* opinion, *supra,* to the effect that it is not likely that right to counsel will be extended to municipal courts, or provided for offenses such as traffic violations. This Court at this time will not follow that reasoning. It is wrongful detention with which the habeas corpus remedy is concerned, and not the court which imposed it, or what particular type of charge was involved.

This Court appreciates and understands the contentions of the respondents that the application of the right to counsel to municipal courts will present great operational difficulties for those courts. It is not the intent of this Court to frustrate the work of the local courts; they are instruments through which great justice can be and is rendered. However, it has been said time and time again that the right to counsel is the right through which all of the other rights become meaningful. This is no less true in municipal courts than it is in other state or federal courts. *See* Stevenson v. Holzman, 458 P.2d 414 (Or.Sup.Ct.1969). Moreover, the United States Court of Appeals for the Fifth Circuit has spoken too often and too loudly for this Court to deny relief in this case.

To make the holding of this Court clear once again: A defendant in a municipal court has a right to counsel, in the absence of waiver, where the *potential* penalty which may be imposed upon him as a result of convictions in all then-pending charges totals 90 days incarceration or a $500.00 fine.

Therefore, it is

Ordered:

1. The judgments of conviction entered in the Municipal Court of the City of Jacksonville, Florida, against the petitioner for violation of Ordiance 26–7 (disorderly conduct) and Ordinance 26–52 (escape from a municipal jail), together with the sentences imposed thereunder, are hereby vacated.

2. The respondents are granted a period of fourteen (14) days from the date of this order within which to rearraign and retry the petitioner on the original charges; provided, however, that before doing so the respondents shall guarantee the petitioner his constitutional right to counsel in the absence of waiver. If Proceedings are not conducted in accordance with the preceding sentence of this paragraph 2, the petitioner must be released from custody.