Thomas Lee **MATTHEWS**, Petitioner-Appellant,

v.

**STATE OF FLORIDA**, Metropolitan Dade County, **E. Wilson Purdy**, as Sheriff of Dade County, Florida, Respondents-Appellees.

No. 27879.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1970.

Henry A. Edgar, Jr., Miami, Fla., for petitioner-appellant.

Richard E. Gerstein, Roy S. Wood, Charles D. Edelstein, Miami, Fla., for respondents-appellees.

Before WISDOM, GEWIN and AINS-WORTH, Circuit Judges.

GEWIN, Circuit Judge:

Thomas Lee Matthews appeals from the denial of his petition for the writ of habeas corpus by the United States District Court for the Southern District of Florida. Matthews pleaded guilty in the Metropolitan Court of Dade County, Florida to charges of violating certain traffic ordinances. He was not advised that he had the right to the assistance of counsel or made aware of the fact that counsel would be appointed for him in the event of his indigency. Appellant seeks habeas corpus alleging a deprivation of his Sixth Amendment right to counsel.[1] We remand for consideration in light of the principles and cases discussed herein.

In the Fifth Circuit, the history of the right to counsel in misdemeanor cases begins in 1965 with Harvey v. Mississippi.[2] The appellant in that case had been convicted under a state prohibition statute carrying a maximum penalty of 90 days in jail and a $500 fine. We found the conviction invalid and directed the district court to grant habeas corpus because Harvey had not been advised of his right to counsel. Chief Judge Tuttle explained the decision's apparent departure from precedent in the following manner:

It is true that the cases which support appellant's argument all involved felony convictions, but their rationale does not seem to depend on the often purely formal distinction between felonies and misdemeanors. One accused of crime has the right to the assistance of counsel before entering a plea because of the disadvantageous position of an unassisted layman in a court of law and because of the serious consequences which may attend a guilty plea. Such disadvantages and consequences may weigh as heavily on an accused misdemeanant as on an accused felon.[3]

Subsequent cases have given us an opportunity to reconsider and comment on Harvey. McDonald v. Moore[4] concerned the constitutionality of appellant's plea of guilty to two charges involving the illegal possession and sale of whiskey.

1. Appellant also contends that incarceration of an indigent for failure to pay a fine constitutes a violation of the Thirteenth and Fourteenth Amendments and the Declaration of Rights of the Constitution of Florida. We do not reach this question because appellant was not confined for inability to pay a fine.

2. 340 F.2d 263 (5th Cir. 1965).

3. *Id.* at 269.

4. 353 F.2d 106 (5th Cir. 1965).

Both offenses are misdemeanors under Florida law and appellant received a penalty of six months in jail or a $250 fine on each count. Relying heavily on *Harvey,* this court found the state court proceedings constitutionally deficient because McDonald had not been informed of his right to the assistance of counsel.

In Goslin v. Thomas,[5] the appellant had been convicted of escaping from prison and given the maximum sentence of one year in jail without being advised of his Sixth Amendment right to counsel. After carefully reviewing both *Harvey* and *McDonald,* this court held that the district court had acted properly in granting Thomas' petition for habeas corpus.[6]

If any doubt has ever existed as to the viability of *Harvey,* all fears were dispelled in James v. Headley when Judge Wisdom proclaimed "that the right to counsel, as articulated in *Harvey,* is alive and well and living in this circuit."[7] *James* provides the first variation of the *Harvey* theme; it concerns two defendants charged with a number of petty offenses each of which carried a maximum penalty of 60 days imprisonment and a fine. Neither of the defendants was advised of his right to counsel and both were found guilty and received the maximum penalty on each count. Defendant James received a sentence of 300 days and Miller 120 days. In addition, each was fined $500 on each count or, in lieu of payment, an additional 60 days imprisonment for each count. Thus, James received a potential sentence of 600 days and Miller a 240-day sentence.[8] We held that failure to advise them of their right to counsel rendered their convictions constitutionally invalid. This decision is significant because the court considered the *total* potential penalty which might be imposed. This figure was arrived at by considering the aggregate of the maximum penalties under each charge.

This same procedure was followed in Bohr v. Purdy,[9] where the defendant had been charged with two traffic offenses which together carried a maximum punishment of 90 days in prison and a $750 fine. That case was disposed of in a very brief opinion which simply stated that James v. Headley [10] "makes it clear that Bohr was constitutionally entitled to counsel." [11] Our decision in the instant case would be similarly terse if we could tell, with any degree of certainty, the maximum potential sentence faced by petitioner at *each* of his trials.

Although not apparent from the district court's memorandum order, the record indicates that Matthews was tried on three separate occasions for three separate and wholly unrelated offenses (except that two of the trials involved a violation of the same ordinance). If our interpretation of the record is correct, the constitutionality of each of the proceedings must be evaluated independently. This is not to say that a defendant's right to assistance of counsel can be circumvented by conducting a series of trials for each of several offenses when those offenses grow out of one misadventure or one interrelated stream of events; but that when wholly independent offenses are tried separately, the trials must be separately measured against constitutional standards.

---

5. 400 F.2d 594 (5th Cir. 1968).

6. *See generally,* Colon v. Hendry, 408 F. 2d 864 (5th Cir. 1969); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968).

7. 410 F.2d 325, 326 (5th Cir. 1968).

8. The opinion states, "Later, the fines were suspended." *Id.* at 326.

9. 412 F.2d 321 (5th Cir. 1969).

10. 410 F.2d 325 (5th Cir. 1968).

11. 412 F.2d 321, 322 (5th Cir. 1969).

One additional discrepancy between the record and the facts recited in the district court's order causes us some concern. The order states that the "maximum sentence on each charge is 30 days and a $250.00 fine." Examining the certified copies of the orders of the Metropolitan Court of Dade County, Florida (contained in the record), we find that on December 27, 1968, appellant was convicted of "No Valid Driver's License, and sentenced to serve 60 days in the County Jail, plus a fine of $500.00 and $50.00 court costs, or an additional 56 days in the County Jail." A similar sentence was handed down for a conviction on January 3, 1969. These appear to contradict the court's order. In addition, the parties stipulated that the sentences, recited in the orders of the Metropolitan Court, were correct. This is not the end of the confusion; the state apparently changed its mind between the time it stipulated to the sentences and wrote its brief. In its brief, the state beneficently states "that this case should be decided on the basis that Petitioner was facing a maximum penalty of 90 days in jail." We are unable to disregard this array of inconsistencies. Although the record is rather short, it and the briefs are replete with outright contradictions. Consequently, we are unable to effect a final disposition of the case.

■ One final point deserves our brief consideration. In computing the total potential penalty which may be imposed on a defendant, we suggest that the trial court not only consider the maximum possible sentence and fine under each charge, but also any additional sentence which might be imposed if the fine is not paid. As our opinions indicate, this procedure gives a much more accurate representation of the gravity of charges facing a defendant—especially an indigent defendant.

We remand for consideration in light of the principles and cases discussed herein.

Remanded.