Willie **GREEN**, Petitioner,

v.

**CITY OF ORLANDO**, Respondent.

Civ. No. 70–78.

United States District Court,
M. D. Florida,
Orlando Division.

May 25, 1970.

Joseph X. DuMond, Jr., Orlando, Fla., for respondent.

### ORDER

GEORGE C. YOUNG, District Judge.

This cause comes on before the Court on the petition for writ of habeas corpus filed by WILLIE GREEN. The City of Orlando has filed a response and the cause is now ready for consideration.

It appears from the record that petitioner was arrested on February 19, 1970 for violation of four sections of the City Code of Orlando. Petitioner was not advised that he had any constitutional right to assistance of counsel at

his trial. He was indigent and could not afford counsel, and therefore was tried, found guilty and sentenced without the assistance of counsel on three of the four charges against him. To the fourth charge petitioner pled guilty, again without the assistance of counsel. The sentences imposed were as follows:

| | | |
|---|---|---|
| Sec. 43.57 | Larceny of Policeman's Badge | 30 days |
| Sec. 43.05 | Damage of City Property | 30 days |
| Sec. 43.52 | Resisting Police Officer | 60 days |
| Sec. 43.09 | Disorderly Conduct (pled guilty) | 15 days |

The sentences on these four separate charges are consecutive, thus the total sentence imposed was 135 days.

■ Although the charges were for separate violations and were individually docketed, James v. Headley, 410 F.2d 325 (5th Cir. 1969) in a similar situation held that it is the sum of the penalties that is determinative of right to counsel.

■ The Fifth Circuit has also held that the right to assistance of counsel applies where the potential sentence is 90 days, Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965) and Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969), therefore, if this petition is properly entertained by this Court it is controlled by these decisions.

Respondent however contends that petitioner has failed to exhaust his state remedies and that this Court should not entertain his petition until he has done so.

There is some question, however, as to whether a state remedy exists on this point. The case of Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) appears to be applicable. In that case it was held that there was no reason to believe that the Florida Supreme Court would not follow federal decisions extending substantial constitutional rights to misdemeanors, and that therefore petitioner was required to exhaust his state remedies before seeking federal habeas corpus relief. This is particularly so in light of the cases presently before the Florida Supreme Court on this point.[1]

■ To require petitioner to pursue his state remedies while incarcerated on a relatively short sentence would mean that even if he eventually succeeded in vacating his convictions no practical relief would have been afforded because he would have already served his sentences. In order that he may have an opportunity to exhaust his state remedies and to make such relief effective if finally successful, it is,

Ordered and adjudged that the petition be and is hereby denied without prejudice for failure to exhaust state remedies; but it is further

Ordered and adjudged that the respondent immediately release petitioner from custody on bail commensurate with his financial ability, such release to continue while the petitioner diligently pursues his state remedies on the issues herein involved and until he has unsuccessfully exhausted such remedies and, if necessary, his federal remedies. The respondent may within thirty (30) days from date hereof elect to retry the petitioner on the charges giving rise to this proceeding and provide him with counsel on such retrial, in which event if such retrial results in a conviction the release herein ordered could be terminated by respondent.

This Court recognizes the problems confronting municipalities in the requirement to provide Court appointed counsel in cases such as this. The prob-

1. State ex rel. Argersinger v. Hamlin, Supreme Court Case No. 39,309; Boyer v. City of Orlando, Florida, Supreme Court Case No. 39,457.

lems exist not only in the larger metropolitan areas such as Orlando, Jacksonville, Tampa and Miami, but present a different type of difficulty to those small communities where no lawyers reside but efforts are made to provide law enforcement. These problems were recognized by Judge Warren Jones speaking for the Fifth Circuit in McDonald v. Moore, 353 F.2d 106 (1965) wherein he said, p. 108:

"It seems unlikely that a person in a municipal court charged with being drunk and disorderly, would be entitled to the services of an attorney at the expense of the state or the municipality. Still less likely is it that a person given a ticket for a traffic violation would have the right to counsel at the expense of the state. If the Constitution requires that counsel be provided in such cases it would seem that in many urban areas there would be a requirement for more lawyers than could be made available. Even with the assistance of law students, whose services may be requested under some of the Criminal Justice plans, the demand might come near exceeding the supply."

However, cases subsequent to McDonald v. Moore, *supra*, have required the appointment of counsel in municipal cases wherein the total potential penalty was less than that imposed in McDonald v. Moore, *supra*. A reading of all the cases fails to disclose an exact breaking point as to the number of days of potential imprisonment which might be imposed without the requirement of counsel; Matthews v. State of Florida, 422 F.2d 1046 (5th Cir. 1970) implies that such a breaking point might exist. In Harvey v. State of Mississippi, 340 F.2d 263 (5th Cir. 1965) a sentence of ninety (90) days imprisonment was enough to require court appointed counsel, so, since in the case at bar the sentence exceeded ninety (90) days, regardless of any breaking point of a number of days less than ninety (90), this case, at least, is controlled by Harvey v. State of Mississippi, *supra*.

313 F.Supp.—37½