Henry Edward CRUM, Petitioner,

v.

CITY OF ORLANDO, Respondent.

Civ. No. 70–77.

United States District Court,
M. D. Florida,
Orlando Division.

June 4, 1970.

**586**

Joseph X. DUMOND, Jr., Orlando, Fla., for respondent.

## ORDER

GEORGE C. YOUNG, District Judge.

This cause is before the Court for further consideration of the habeas corpus petition filed by HENRY EDWARD CRUM, who is seeking release from incarceration in the Orlando City Prison Farm. The City of Orlando has filed its response as directed.

From the response of the city and the certified copies of the Orlando Municipal Court records attached to the response, it appears that petitioner is in the custody of the city for violations of Sections 43.09, 43.13, 43.18, 43.52, and 43.56–1 of the Orlando Municipal Code.

Petitioner's present difficulties with the city of Orlando began on April 17, 1968, when he was arrested and charged with violating Sections 43.12 of the Municipal Code by disturbing the peace on the day prior to his arrest. He entered a plea of guilty on April 19, 1968 and on that day was sentenced to serve sixty (60) days in the City Prison Farm or to pay a fine of $120.00. According to the entry on the docket petitioner was released on the same day that he was convicted to the District #1 Constable. The docket sheet does not elaborate on the reason for petitioner's release at that time, however, both the city and the petitioner agree that it was so the petitioner could serve the balance of the state sentence pending against him. The docket sheet also reflects a commitment date of June 6, 1969 on the conviction for disturbing the peace. Since this date coin-cides with petitioner's next conviction in Muncipal Court, it appears that he did not begin serving his sentence for the first offense until he was convicted again by the City of Orlando in June of 1969 as outlined below.

On June 4, 1969 petitioner was arrested and charged with two offenses; making a false report of a crime on April 21, 1969, in violation of Section 43.56–1; and prowling in the rear of houses on June 4, 1969, in violation of Section 43.09. On June 6, 1969 he entered a plea of not guilty to the first charge and guilty as to the second charge. He was found guilty of both offenses; and for violating Section 43.56–1 he was sentenced to serve thirty (30) days or to pay $150.00. For violating Section 43.09 he was sentenced to thirty (30) days or to pay $60.00. As previously noted, petitioner at this time was also committed to custody to serve the sentence imposed in April 1968 for disturbing the peace.

Petitioner then compounded his difficulties with the city by escaping from custody on June 10, 1969. He was apprehended and charged with escape, a violation of Section 43.18. On June 13, 1969 he pled guilty to the charge and was sentenced to serve thirty (30) days.

Petitioner again escaped on July 14, 1969 and was not apprehended until February 13, 1970. Since he allegedly put up a struggle when the officers attempted to take him into custody at that time, he was charged with resisting arrest, a violation of Section 43.52, and after his plea of guilty was entered on February 17, 1970, he was sentenced to sixty (60) days.

In summary, the City of Orlando has sentenced petitioner to a total of 210 days imprisonment on the five charges. Prior to the time that he escaped on July 14, 1969, he had served thirty-five (35) days, and he is now in custody serving the balance of the sentences imposed.

■ Petitioner has set forth three grounds in support of his claim for re-

lief. Two of these contentions, that he was given the same sentence twice; and that he "was not advised of his rights", can be disposed of at this point because petitioner has not exhausted available state remedies as required by 28 U.S.C. § 2254(b). If petitioner desires to proceed further on these grounds he should file a petition for writ of habeas corpus in the Circuit Court for the Ninth Judicial Circuit in Orlando, Florida.

Petitioner's remaining claim is that he requested the assistance of appointed counsel to represent him before the municipal court, and that his request was denied. This contention, just as his other allegations, has not been taken through all available procedural channels in the state judicial process. Ordinarily this would be sufficient reason to dismiss the petition without reaching the merits of the claim. Experience has shown however that the scope of the right to counsel provision of the Sixth Amendment as interpreted by the Florida courts has not been coextensive in the past with the interpretation given that provision of the Constitution by the federal courts of this circuit. See State ex rel Taylor v. Warden, 193 So.2d 606 (Fla.1967); Watkins v. Morris, 179 So.2d 348 (Fla. 1965); Fish v. State, 159 So.2d 866 (Fla. 1964); Brinson v. Purdy, 201 So.2d 260 (3d D.C.A.Fla.1967). Consequently, it has been necessary for the federal judiciary to waive the exhaustion requirement imposed by the doctrine of comity and to fashion appropriate relief where a constitutional right to counsel is shown to exist. See, e. g., Green v. City of Orlando, 313 F.Supp. 583 (M.D.Fla., order entered May 25, 1970); Wooley v. Consolidated City of Jacksonville, 308 F. Supp. 1194 (M.D.Fla.1970); Steadman v. Duff, 302 F.Supp. 313 (M.D.Fla.1969).

■ The history of the development of the right to counsel concept in this circuit since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) has been fully set forth in numerous cases, see, e. g., James v. Headley, 410 F.2d 325 (5th Cir. 1969); Wooley v. Consolidated City of Jacksonville, supra;

Steadman v. Duff, supra, so that it is not necessary to trace its expansion here. Suffice it to say that under the present state of the law in this circuit, an indigent defendant in a state or municipal court is entitled to be represented by court appointed counsel in the absence of an intelligent and voluntary waiver if the potential penalty to which he may be subjected involves a term of imprisonment for a period of ninety (90) days or more. Bohr v. Purdy, 412 F.2d 321 (5th Cir. 1969); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965); see also Wooley v. Consolidated City of Jacksonville, supra. This Court is not aware of any decisions of the Fifth Circuit that have held that misdemeanants are entitled to counsel where the maximum potential sentence is less than ninety (90) days.

It is unclear at this time whether there is a dividing point as to the potential time in custody above which there is a right to counsel and below which no such right exists. Judge Wisdom, concurring in James v. Headley, supra, was of the opinion that no such line should be drawn. As he noted; 410 F.2d at 334:

"I take the position that regardless of labels, an offense is serious enough to require appointment of counsel if it may result in the loss of liberty for any period of time."

On the other hand, the recent case of Matthews v. State, 422 F.2d 1046 (5th Cir. 1970), appears to rest on different footing and implies that a dividing line may exist. In the absence of a definite answer by the Supreme Court or by the Court of Appeals, this court concludes that it should not overreach the holdings of Harvey and Bohr.

In James v. Headley, supra, the Court of Appeals held that determination of the potential penalty must take into account the cumulative total potential punishment for each offense that a defendant is charged with having committed. 410 F.2d at 329. However, from the language in the case it appears that the

five offenses that the defendant was charged with arose out of the theft of a dress and the subsequent troubles encountered by the police when they attempted to arrest her. The penalty for each offense did not exceed sixty (60) days, but taken in toto, the cumulative sentence faced by the defendant amounted to three hundred (300) days, and entitled her to appointed counsel.

■ The Fifth Circuit has since made it clear that the total potential penalty concept enunciated in *Headley* is applicable only where a defendant is on trial for related offenses. As the Court noted in Matthews v. State, *supra*, at 1048.

[A] defendant's right to assistance of counsel [cannot] be circumvented by conducting a series of trials for each of several offenses when those offenses grow out of one misadventure or one interrelated stream of events; but that when wholly independent offenses are tried separately, the trials must be separately measured against constitutional standards.

Since the Court in Matthews could not determine from the lower court's decision whether the defendant was tried separately for separate offenses, the case was remanded to the district court for further proceedings.

■ This case falls squarely within the ambit of *Matthews*. Each of the five offenses for which petitioner is presently in custody arose out of unrelated activities which occurred on separate occasions. While it is true that petitioner was before the Court on the same day for two of the offenses, those offenses were wholly unrelated and had occurred approximately a month and a half apart. Since the right to counsel should not turn upon the fortuitous event of calling the two cases for trial on the same day, the potential penalty for each separate offense will control the decision of this case.

Under the provisions of the Orlando Municipal Code the maximum penalty for each of the offenses that petitioner was convicted of cannot exceed a term of imprisonment of sixty (60) days. The Code of the City of Orlando, Florida, §§ 1.08, 43.09, 43.12, 43.18, 43.52, 43.56–1.[1]

Consequently, it is the opinion of this Court that relief must be denied, and it is therefore,

Ordered that the petition for writ of habeas corpus is hereby denied without prejudice as to petitioner's contentions that he was given the same sentence twice, and that he was not advised of his rights. [As to the latter contention the dismissal is without prejudice only to the extent that it does not involve an alleged claim of right to counsel.] It is further,

Ordered that the petition is hereby denied with prejudice as to petitioner's contention that he was denied assistance of court appointed counsel.

1. Section 43.09 provides that the penalty for violation of said section shall be in accordance with § 1.08, the general penalty provision in the code which provides for a term of imprisonment not to exceed sixty (60) days or for imposition of a fine not to exceed $500. or for both such fine and imprisonment. Section 43.12 has no penalty provision, and in such case, the code provides that the penalty shall be determined in accordance with § 1.08. Section 43.18 provides for a term of imprisonment of not less than 30 days nor more than 60 days. Both § 43.52 and § 43.56–1 provide that the penalty shall be set for violation of said sections under § 1.08. The code contains no provision for an additional term of imprisonment in lieu of payment of a fine.