ADKINS, Justice
(dissenting):
This Court can no longer afford to indulge the fiction that the presence of a lawyer to assist an accused is not a necessity. The proofs and arguments laid before us in this and other cases demonstrate clearly the existence of excessive sentences, improper charges, and actions by minor courts taken beyond their jurisdiction. None of these are conditions which laymen, however intelligent and well-intentioned — or however innocent — are likely to be trained to understand and cope with. The existence of such conditions in even one court tarnishes the reputation of all courts.
This Court must conclude now that a man in Florida accused of an offense carrying the risk of detention is entitled to a fair trial. It is folly to pretend that a fair trial can be assured without the assistance of a lawyer. If this is so, then the earnest commands of our State and Federal Constitutions that the right of justice includes the right to counsel are merely surplus words spoken to ears that are deaf.
*85 The requirements of the Constitution of the United States have been made clear, in thirty or more cases decided by the Federal District Courts in this State, and by the United States Fifth Circuit Court of Appeals. Although the standards established by these courts have not in all cases been uniform, they clearly demonstrate the belief of these courts that persons accused of relatively serious offenses are entitled to counsel, even if they are indigent. These standards unarguably are more realistic than that established by this Court in our recent decision in State ex rel. Argersinger v. Hamlin, 236 So.2d 442 case no 39,309, opinion filed June 3, 1970, or in our previous decisions which held that insolvent persons were not entitled to counsel except in felony cases.
The United States Fifth Circuit has held in several cases that a person accused of an offense less than a felony is entitled to counsel. In Bohr v. Purdy, 412 F.2d 321 (1969), the Fifth Circuit held that a defendant charged with two traffic offenses which carried a combined possible punishment of 90 days and a fine of $750 was entitled to counsel. In James v. Headley, 410 F.2d 325 (1969), the Fifth Circuit held that accused persons were entitled to counsel, where they risked sentences of 60 days on each of several charges.
In the case at bar, the similarity of sentences is clearly apparent. Defendant Boyer was accused of disorderly conduct and with resisting a police officer. He pleaded not guilty. He did not have the assistance of counsel. He was found guilty, and was sentenced on each of the two charges to 60 days detention or a fine of $120. A fair reading of the Fifth Circuit’s decision in Bohr v. Purdy, supra, and James v. Head-ley, supra, permits no conclusion other than that harmonious construction of the United States Constitution requires that defendant Boyer in the case at bar is entitled to counsel.
This case was taken before the Fifth Circuit, which declined to act, preferring to leave to the State courts the task of harmonious and uniform enforcement of constitutional standards. The Circuit Court of Appeals clearly stated its intention to resolve the question, if the State courts fail to do so, or unless the United States Supreme Court sets a different standard. The Fifth Circuit said:
“The Florida Courts may well grant Boyer relief, but if they do not, he is then free to ‘return to the Federal Court for its inescapably independent judgment on federal issues.’ ” 402 F.2d 966, 968 (1968).
It is futile to pretend that the Fifth Circuit decisions have not been made. While it is true that the Circuit Court of Appeals does not have the power of the United States Supreme Court to mandamus the State courts on this constitutional question, it is equally true that the Federal courts have the power to set aside decisions by our Florida courts which conflict with clear standards established by these Federal courts. If the United States Supreme Court decides at a later date that these standards must be modified to achieve a harmonious construction of the Federal Constitution, we should be prepared to modify the decisions which we have meanwhile made. Until then, the concept of ordered liberty under law requires that insofar as possible, the application of the Federal Constitution be as uniform as possible in similar cases.
In the face of existing decisions which are law for the Federal District Courts in Florida, we are not at liberty to impose our own viewpoints. Respect for the decisions which do prevail now requires the conclusion that defendant Boyer is entitled to counsel. The proper functioning of the American system of dual sovereignty requires that the courts of the states and of the Federal government respect the decisions of one another in those cases which fall within the jurisdiction of each or where jurisdiction is concurrent.
The wishes of the people of this State on the question of counsel for criminal de *86 fendants are clear, and are in accord with the opinion herein. Said the people in adopting only two years ago the Constitution of 1968:
“In all criminal prosecutions the accused * * * shall have the right * * to be heard in person, by counsel or both. * * * ” (Emphasis supplied) • Art. I, Declaration of Rights, Sec. 16, F.S.A.
This constitutional statement is a mandate by the people that counsel is a right to all defendants in all criminal prosecutions, not merely in some. It begs the constitutional question to classify offenses as felonies, misdemeanors or violations of ordinances, in deciding whether the right to counsel is meaningless language; a far more realistic test is whether the offense charged carries a substantial sanction, such as detention.
Defendant Boyer is entitled under both the Federal and State Constitutions to appointment of counsel in his defense.
ERVIN, C. J., and BOYD, J., concur.